By the Court—Lott, J.
This action was commenced on the 20th day of January, 1859, in the District Court of the city of New York, by the service of a summons on the defendants personally. On the return day of this summons the parties appeared and put in their pleadings.
The plaintiff, as the general assignee of William' A. Smith, for the benefit of creditors, in and by his complaint alleged that the defendants after the assignment to him, had taken and converted to their own use certain property which had come to his- possession as a part of the assets of the bankrupt, and claimed damages to the amount of $250. The answer of *573 the defendants was a general denial of each and every allegation in the complaint.
After the issue was so joined, the cause was regularly removed into the Court of Common Pleas in and for the city and county of New York, under the provisions of the act entitled “An act to reduce the several acts relating to the District Courts in the city of New York into one act,” passed April 13th, 1857. (Chap. 344, Laws of 1857.)
After the cause was so removed it was referred, by an order of the Court of Common Pleas, to William Bloomfield, Esq., to hear, try and determine the issues therein; he found in favor of the plaintiff, and directed judgment for $196.20 besides costs. A judgment was thereupon entered on the first day of October, 1860, which, on appeal, was affirmed by the general term of the Court of Common Pleas, by an order duly made and entered on the 27th day of February, 1861, and on the same day the defendants appealed to this court without any order allowing such appeal.
A motion is now made to dismiss the appeal on the ground that such order was not obtained; and the question presented, is, whether the appeal without it is valid.
It is provided by section 11 of the Code, as amended in 1857 (Chap. 723, of the Laws of that year, § 1), that an appeal to this court shall not be allowed in an action originally commenced in a Court of a Justice of the Peace, or in the Marine Court of the City of New York, or in an Assistant Justice’s Court [now District Court] of that city, or in a Justice’s Court of any of the cities of this State, unless the general term of the Court, by which the judgment sought to be reviewed was rendered, shall by order duly entered allow such appeal before the end of the next term after which such judgment was entered; but this prohibition is declared not to extend to actions discontinued before a justice of the peace, and prosecuted in another court, pursuant to sections 60 and 68 of the Code.
The actions embraced within that prohibition are those where there is a discontinuance upon an answer interposed *574 showing that title to real property was in question, and do not include this case.
' The provision of the Code against appeals to this court therefore applies to this appeal, if the action was originally commenced in a District Court of the City of New York. Of this there can be no doubt. The original summons and pleadings were in such court. The action commenced there was never discontinued, but was removed to the Court of Common Pleas. The proceedings in the latter court were a continuance merely of an action already at issue. The pleadings in the District Court were those on which the trial was had in the Common Pleas; and it was the evident intention of the law, under which the removal into that .court was made, that the progress of the suit should not be interrupted by such removal, for that law provides that the order by which it is effected shall be made after issue and before the trial of the same. The case before us, therefore, is one which falls within the inhibition against appeals to this court, except by an order of allowance by the general term of the Court of Common Pleas. It was one that was originally commenced in one of the District Courts of the city of New York, and was regularly continued to judgment in the Common Pleas; and as no such order was obtained the appeal is unauthorized, and must be dismissed, with costs.
Appeal dismissed.