## LAKE SHORE NATIONAL BANK, RESPONDENT, *v.* BUTLER COLLIERY COMPANY, APPELLANT.

*When a corporation will be bound by an indorsement made by an agent — a general finding of fact by a referee will be controlled by a special finding on the same subject — a notice of protest, with no place of address, will not charge the indorser.*

Upon the trial of an action, brought by the plaintiff upon four several promissory notes, dated at Buffalo, and made payable to the order of E. S. Hubbell, agent, "at E. S. Hubbell's office, 421 Hamburg street," and indorsed as follows: "E. S. Hubbell, agent for Buffalo Colliery Company," the referee found that the defendant was a corporation organized under the laws of the State of Pennsylvania, for the purpose of mining coal and preparing the same for and conveying it to market; that the company established an office at Elmira, in this State, where its general business was transacted, and sold large quantities of coal in the city of Buffalo, where it kept an office, the business in that city being conducted by Hubbell as the company's agent; that before the notes in suit were made and discounted, Hubbell had been in the habit of receiving from the defendant's customers doing business with him as agent, notes similar to those in suit, which he indorsed and had discounted by the banks doing business in the city of Buffalo, and at the plaintiff's bank, and also found that the indorsements in suit were made in the usual course of business, as carried on by Hubbell, with the knowledge and consent of the company.

*Held,* that the indorsements made by Hubbell, as the agent of the company were its indorsements, and that it was bound thereby.

*Exchange National Bank* v. *Monteath* (17 Barb., 171; affirmed 26 N. Y., 505) followed; *De Witt* v. *Walton* (9 N. Y., 572); *Moss* v. *Livingston* (4 id., 208) distinguished.

As to the service of the notice of protest on one of the notes made by Eleanora B. Grant, the referee, in the body of his report, stated, as a fact, "that notice of presentation for payment, demand of payment and that the said maker neglected to pay the same, was given to said Hubbell as said agent." At the request of the defendant the referee made a further finding on the same subject, which is as follows: "The notice of the protest on the Eleanora B. Grant note was addressed: E. S. Hubbell, agent Butler Colliery Co.; no place of the address is given. This is the only notice of protest of that note."

The notary's certificate was read in evidence, which stated that he deposited in the post-office, at the city of Buffalo, and paid the legal postage thereon, due notice of the demand, non-payment and protest, signed by him, and folded in the form of letters, as follows, viz: "Notice for Eleanora B. Grant, directed Buffalo, N. Y.; for E. S. Hubbell, directed Buffalo, N. Y.; for E. S. Hubbell, agent for Butler Colliery Co., inclosed to E. S. Hubbell." Hubbell had indorsed the notes individually, after the indorsement by the company.

*Held*, that the special findings of fact, made by the referee, controlled the general finding on the same subject, and that as it stated that no address was given in the notice of protest to Hubbell, as agent for Butler Colliery Co.; that the service of the notice was incomplete, and it must be held, as a matter of law, that the defendant was not charged as an indorser on that note.

APPEAL from a judgment entered in favor of the plaintiff upon the decision of a referee, in the office of the clerk of Chautauqua county, on February 23, 1888.

The defendant is a corporation organized under the general laws of the State of Pennsylvania for the purpose of mining for coal and preparing the same for and conveying it to market. The lands upon which it was authorized to carry on its operations were all located in the State of Pennsylvania. The statute provides that the business of corporations organized under its provisions shall be managed and conducted by a president, board of directors, a clerk, treasurer and such other officers, agents and factors as the company may authorize to act for it. The company established an office at Elmira, in this State, where its general business was transacted, and the president and officers were residents of this State. The company sold large quantities of coal in the city of Buffalo, where it kept an office, Eli S. Hubbell acting as its agent in the management of the business transacted at that place. The action is upon four several promissory notes. all dated in the months of April, May and June, 1886,

and made payable to and indorsed by Hubbell, as agent for the company, all of them being discounted by the plaintiff at his request, amounting in the aggregate to the sum of $2,176.57, for which sum, with costs, judgment was entered. From this judgment the defendant appeals.

*J. W. Dininny,* for the appellant.

*Holt & Holt,* for the respondent.

BARKER, P. J.:

We have reached the conclusion that notice of the demand, non-payment and protest of the Eleanora B. Grant note was not duly served so as to charge the defendant as indorser, for reasons hereinafter stated. Upon the facts as found by the referee and set forth in his decision, the legal conclusion that the defendant is liable as indorser upon each of the other notes is well supported. The evidence, as set forth in the case, tends to support each fact which it was necessary for the plaintiff to maintain to establish the defendant's liability as indorser upon each of those notes. The referee has not made a certificate that the case as settled by him contains all the evidence produced on the trial. Therefore, on this appeal, this court cannot look into the evidence for the purpose of determining the point made by the appellant that some of the material findings of fact are against the weight of evidence. We can only review the questions of law presented by the exceptions. (*Porter* v. *Smith,* 107 N. Y., 531; *Spence* v. *Chambers,* 39 Hun, 193.)

The makers of the several promissory notes were debtors of the defendant, and the consideration for each note was their respective indebtedness to the company. The business of the company carried on at Buffalo by the defendant was legitimate, and within the powers conferred upon it by its charter. This business was conducted by Hubbell as the company's agent duly appointed to conduct that branch of its operations. He was in sole charge of the same at that place, and the transactions were of considerable magnitude and extended through a period of years. The indorsements of the notes in suit were made during the latter part of Hubbell's agency. The notes were dated at Buffalo, and made payable to the

order of E. S. Hubbell, agent, " at E. S. Hubbell's office, 421 Hamburg street." The indorsement was as follows : " E. S. Hubbell, agent for Buffalo Colliery Company." Before the notes in suit were made and discounted Hubbell had been in the habit of receiving from the defendant's customers, doing business with him as agent, notes in form similar to those in suit, which he indorsed and procured to be discounted by banks doing business in the city of Buffalo, and at the plaintiff's bank, the proceeds of which were remitted to the defendant's chief office at Elmira, which was under the immediate superintendence of the president and directors of the company.

The referee in his report sets forth the mode and manner in which the business carried on by Hubbell was conducted and managed, and the extent of the same, and without restating in full the findings in this respect, in this connection ; that the indorsements in suit were made in the usual course of business as carried on by Hubbell with the knowledge and consent of the company. These facts found by the referee show conclusively that the indorsements were made by Hubbell as the agent of the company, and the form of the indorsements made the same the act of the company. The manner in which agents of corporations must execute contracts in order to avoid personal liability and to bind their principals, in general the rule is the same as with the agents of natural persons ; and in general, if from the contract itself, or from the contract coupled with the conduct of the parties thereto, it appears that credit was given not to the agent, but to the corporation ; and that it was the intent of the parties that the corporation should be bound, whatever may be the particular form of the contract, the corporation is alone liable upon it. (Angell & Ames on Corporations, 288.) The rule is illustrated as the same is applied in the case of *Exchange National Bank* v. *Monteath* (17 Barb., 171), which was affirmed in the Court of Appeals (26 N. Y., 505.) In that case the defendants were copartners doing business under the name of the Albany and Canal Line of Tow-boats, and Thaddeus Joy and George Monteath transacted the business of the company at Albany in the name of " Joy & Monteath, agents," etc., and Albert Hoyt was their agent in the city of New York. Joy drew drafts upon the New York agent, which were signed " Joy & Monteath, agents

Albany and Canal Line of Tow-boats, 'payable to their own order, addressed to and accepted by' Albert Hoyt, agent." They were also indorsed by Joy in the name of "Joy & Monteath, agents," and the drafts were discounted by the plaintiff. It was held that the acts of Joy & Monteath in issuing the drafts, under the circumstances mentioned, was binding on their principals for whom they acted; and that the drafts in the form in which they were issued was the undertaking of the company. In that case it was admitted that Joy & Monteath were authorized to draw and accept drafts for their principals; and in the case at bar Hubbell's authority to indorse notes for the company was established by the proofs. In view of the nature of the business carried on by the defendant in Buffalo by Hubbell, as its agent, and the facts found by the referee and set forth in his report, the form of the indorsement was merely a convenient mode adopted by the agent with the consent of the principal; and thus the form of the indorsement became the adopted name of the company for the purpose of realizing on its commercial paper.

The learned counsel for the appellant has cited several cases, and among them *De Witt* v. *Walton* (9 N. Y., 572), in support of his contention that the indorsement bound the agent personally and not the company. In that case there was an absence, as the court held, of proof indicating any consent or authorization by the principal that his agents might make notes in his behalf and in his business in the form adopted in that case; but the rule was distinctly affirmed that, if the principal had adopted the name used as his business designation, he could himself make contracts in that name and could authorize his agent to contract for him in the same manner; and *Brown* v. *The Butchers and Drovers' Bank* (6 Hill, 443) was cited in support of the decision. The case of *Moss* v. *Livingston* (4 N. Y., 208), where it was held that the acceptance of the draft in suit was the acceptance of the agent and not of his principal, was placed on the same grounds as those stated in *De Witt* v. *Walton.*

As to the service of notice of protest of the Eleanora B. Grant note the referee has made special findings of fact, and from them it is to be determined whether the referee's legal conclusions can be supported, that they were sufficient to charge the defendant as indorser. In the body of the report it is stated as a fact, "that

notice of such presentation for payment, demand of payment, and that the said maker neglected to pay the same, was given to said Hubbell as said agent." At the request of the defendant the referee made a further finding on the same subject, which is as follows: "The notice of the protest on the Eleanora B. Grant note was addressed 'E. S. Hubbell, Agt. Butler Colliery Company.' No place of address is given. This is the only notice of protest of that note." It should be mentioned in this connection that the agent Hubbell indorsed the note individually, after the indorsement by the company. The notary's certificate was read in evidence by the plaintiff, and it is stated therein that the note was protested on the day it fell due, and notice to the maker of the note was served on the same day. He also certified that he deposited in the post-office, at the city of Buffalo, and paid the legal postage thereon, due notice of the demand, non-payment and protest, partly written and partly printed, signed by him and folded in the form of letters, as follows, viz. :

"Notice for Eleanora B. Grant, directed Buffalo, N. Y.

"For E. S. Hubbell, directed Buffalo, N. Y.

"For E. S. Hubbell, Agt. for Butler Colliery Co., inclosed to E. S. Hubbell."

The counsel for the appellant, in his printed points, admits that it does appear on the face of the certificate made by the notary, that the notice to Hubbell, as an individual indorser, was addressed to him at Buffalo. As we construe the special finding, it is stated as a fact that the notice of protest for Hubbell, as. agent for the Butler Colliery Company was inclosed in an envelope addressed to E. S. Hubbell without any finding as to the place of address, or in what post-office deposited. If it could be fairly held that the notice for Hubbell, as agent, was inclosed in the letter directed to E. S. Hubbell, which contained the notice addressed to him personally, then we think that would have been a good service, for the law presumes that the letter was received by Hubbell; and if it contained the notice addressed to him, as agent, that would have been a good service, for he had authority to receive for his principal notice of the dishonor of commercial paper. (2 Daniels on Negotiable Instruments, § 998, p. 49; *Bank of Auburn* v. *Putnam*, 3 Keyes, 343; *Fassin* v. *Hubbard*, 55 N. Y., 465; *Firth* v. *Thrush*, 8 Barn. &

Cres., 387.) But the special findings of fact made by the referee control the general finding on the same subject, and by them it is stated that in the notice of protest to Hubbell, as agent, no place of address was given; and the service of notice was, therefore, incomplete, and it must be held, as matter of law, that the defendant was not charged as indorser on that note. The point made that it appears by the evidence that Hubbell had been discharged, and ceased to be agent when two of the notes in question were protested, and that Mr. Coleman, president of the bank, was notified of the fact, and for that reason service of notice on Hubbell was insufficient, is not supported by the evidence. Another point made by the appellant is that long before the notes in suit were made the company had ceased to do business in Buffalo; and at that time Hubbell was, in fact, acting for other parties. There is some evidence tending to show that before the notes in suit were executed, the defendant had ceased to do business in Buffalo; and that the same kind of business was carried on by a firm composed of persons who were stockholders and officers of the corporation, who did their business in the name of the "Butler Colliery Company," being a name exactly the same as the corporate name of the defendant; and that Hubbell acted as their agent, and not the agent of the company. This evidence presented a question of fact, and there was much evidence the other way which tends to support the conclusion of the referee that Hubbell was the agent of the defendant at the time the notes in suit were made; and we are not at liberty to examine the proofs with a view of determining whether the finding of the referee, as contained in his report, is contrary to the evidence as claimed by the appellant. The exceptions taken by the appellant to the reception of evidence offered by the plaintiff have been examined, so far as our attention has been called to them by the brief of counsel, and we find no error.

Judgment reversed, and new trial granted before another referee, unless the plaintiff stipulates within thirty days to deduct from the judgment the amount of the Eleanora B. Grant note, and interest; and if such stipulation is served, then the judgment, as modified. is affirmed, without costs of this appeal to either party.

All concur.

Judgment reversed, and a new trial granted before another referee, costs to abide event, unless the plaintiff, within thirty days, stipulates to deduct from the amount of the recovery the amount of the Eleanora B. Grant note ; in which case the judgment is so modified, and as so modified affirmed, without costs of this appeal to either party.