## CROUCH v. MULLER.

*(Supreme Court, General Term, Fifth Department.   March, 1891.)*

ORDERS—NOTICE TO DRAWEE.
> S. gave plaintiff an order on defendant for money then due from defendant to S. Plaintiff's agent then took the order to defendant, who did not understand the English language, and read it to him.   Another agent then explained the order to defendant in German, (defendant's language,) by stating that the "instrument was an order, and that defendant should sign it to secure the moneys therein mentioned to the plaintiff," without stating the amount for which, in whose favor, or by whom the order was drawn.   *Held,* that the notice was not sufficient to charge defendant.

Appeal from circuit court, ——— county.

Action by George W. Crouch, Jr., against Gustave Muller.   Judgment was entered on a trial by the court without a jury for plaintiff, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Geo. F. Yeoman,* for appellant.   *C. F. Dean,* for respondent.

DWIGHT, P. J.   At the date of the order hereafter mentioned there was due and to grow due from the defendant to one Scheuck, on a building contract, more than $1,000, and Scheuck owed the plaintiff $1,000 for lumber. To pay his debt Scheuck gave the plaintiff an order on the defendant for $1,000, payable out of the moneys due and to grow due on the contract.   No question is made but that, under the doctrine of *Brill* v. *Tuttle,* 81 N. Y. 457, this order operated as an assignment *pro tanto* of the fund; nor that, in the language of the same case, "the drawee (in such an order) is bound, after notice of such assignment, to apply the fund as it accrues, to the payment of the order and to no other purpose, and the payee may by action compel such application."   The only question made by the defendant is whether there was in this case such notice to him of the assignment as bound him to make the application, and gave to the plaintiff the right of action to compel it.   The facts bearing upon that question are specifically found by the court below. The defendant was a German, unable either to read English, or to understand it when spoken.   The order was written in English.   It was exhibited to the defendant, and read to him in English, without conveying any information to his mind.   As the English-speaking agent of the plaintiff testified, "he was simply bewildered."   Thereupon another representative of the plaintiff, who spoke German, undertook to explain the matter to the defendant; and the finding of the court in respect to that explanation is as follows: "*Seventh.* That this defendant was then informed in German by an agent of the plaintiff that said instrument was an order, and that defendant should sign it to secure the moneys therein mentioned to the plaintiff,"—and this, upon the findings of the court, is all the notice which the defendant had of the nature and effect of the paper which he was called upon to "sign."   The proposition seems hardly open to argument that this was not such notice to the defendant of an assignment by his creditor of moneys due or to grow due on his building contract as bound him to withhold payment from his creditor, or, in default of so doing, to pay so much of his debt a second time.   So far as is stated in the finding, the defendant was not even informed who drew the order, nor in whose favor it was drawn, nor to whom addressed, though, if resort be had to the testimony of the witness, we find that the defendant was told "it was an order from Scheuck to Crouch."   But he was not informed of the amount for which the order was drawn, nor that it was drawn upon any particular fund.   These omissions we regard as fatal to the plaintiff's contention.   In the case of *Brill* v. *Tuttle, supra,* the court, after formulating the rule before stated in respect to the operation of an order made payable out of a particular fund, proceeds to say that it is equally well established that a

draft drawn generally, without regard to the source from which the money used for its payment is to be obtained, does not operate as an assignment of any fund, and must be duly accepted by the drawee before an action can be maintained against him. For all the purposes of this action it is apparent that the order must be regarded as if it had been only what it was stated or explained to be to the defendant; and that was an order for no particular sum, payable out of no particular fund, which the defendant was asked to "sign" in order to secure the payment of an amount not specified to the plaintiff. It is apparent that the facts found do not meet the requirements of the rule, either in respect to the terms of the order or the notice to the defendant, which charges the drawee with liability in the absence of an acceptance of the order. It appears that at the time of the commencement of the action there was remaining in the defendant's hands, applicable to the payment of the order in question, the sum of $153.90. The judgment should be reversed, and a new trial granted, with costs of this appeal to abide the event, unless the plaintiff stipulates to reduce the amount of the judgment on its face to the sum of $153.90, and in that case the judgment, as so modified, should be affirmed, without costs of this appeal to either party. So ordered. All concur.