### THIRD NAT. BANK OF BUFFALO v. BUTLER COLLIERY CO.

(*Supreme Court, General Term, Fifth Department.* March, 1891.)

PRINCIPAL AND AGENT—INDORSEMENT BY AGENT—ESTOPPEL.

    One who receives the avails of notes taken by his agent, and indorsed by him, as agent, for discount, cannot deny the agent's authority to make the indorsement.

Appeal from circuit court, Erie county.

The Third National Bank of Buffalo sued the Butler Colliery Company on certain notes. Defendant appeals from a judgment entered on the verdict of a jury directed by the court at the circuit.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*J. W. Dinniny,* for appellant.   *A. Moot,* for respondent.

DWIGHT, P. J. The action was against the defendant as indorser of four several promissory notes, of several makers, which were discounted by the plaintiff. The notes were taken by one Hubbell, the agent of the defendant at Buffalo, for coal sold by him for the defendant to the several makers of the notes. They were by their terms payable to "E. S. Hubbell, Agent;" in one case, "E. S. Hubbell, Agent for Butler Colliery Company;" and they were indorsed by him as "E. S. Hubbell, Agent of Butler Colliery Company." The only substantial question in the case was that of the authority of the agent to indorse for the defendant for discount by the plaintiff. The plaintiff's case upon that question consisted of very voluminous evidence relating to a long-continued course of dealing between the agent and the plaintiff, and other banks in Buffalo and elsewhere, on the one hand, and with the defendant on the other hand; evidence tending to show that the defendant was in the constant receipt, during all that time, of the avails of discounts procured by the agent upon indorsements of the same character as those in question, and that it was chargeable with knowledge of the sources from which such discounts were procured; evidence tending to show that it had received the avails of the discount of the very notes in suit; evidence, in short, tending to establish facts which effectually estopped the defendant to deny that the agent had authority to procure the discounts of the notes in question by the indorsements with which the defendant is sought to be charged. All this evidence being before the court, both parties asked for the direction of a verdict, and neither party asked to go to the jury upon any question of fact. This practice had the effect to submit all the questions of fact in the case to the court for its

decision; and, a direction being thereupon given to find a verdict for·the plaintiff, the case comes to us as if the action had been tried by the court without a jury, and all the material facts involved in the issues had been found in favor of the plaintiff. *Bank of Attica* v. *Pottier & Stymus Manuf'g Co.*, 1 N. Y. Supp. 483. Such findings we should regard as abundantly sustained by the evidence in the record before us; and that such findings would sustain the judgment appealed from we can have no doubt, especially in view of the judgments made in two previous actions of the same character against the same defendants. They are the actions of *Lake Shore Nat. Bank* v. *Butler Colliery Co.*, 3 N. Y. Supp. 771, and *Marine Bank* v. *Same*, 5 N. Y. Supp. 291. Both of these cases involved the same questions which were ·litigated here; in both of them judgments in favor of the plaintiffs were affirmed in this court; and in the latter of them, judgment was lately affirmed in the court of appeals, without an opinion. 26 N. E. Rep. 751. We have examined the several exceptions to rulings on questions of evidence in this case, and find none which should be fatal to the verdict. The judgment should be affirmed. All concur.