## CROUCH *v.* MÜLLER.

*(Supreme Court, General Term, Fifth Department.*  October 21, 1892.)

ORDERS—LIABILITY OF DRAWEE—NOTICE.

Where one on whom an order was drawn, which he did not accept in writing, was not informed that it was drawn on any particular fund, but was told that it was drawn on him generally, and he, not understanding the language in which it was written, supposed that it was a note, he was not liable, except for such portion of the fund as he had not disbursed.

Appeal from circuit court, Monroe county.

Action by George W. Crouch, Jr., against Gustave Müller. From a judgment entered on a verdict directed by the court, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*C. F. Dean*, for appellant.  *George F. Yeoman*, for respondent.

LEWIS, J.  This case, in its essential features, is the same as when it was before this court upon a former appeal. 14 N. Y. Supp. 20. It was then held (opinion by DWIGHT, P. J.) that it was incumbent upon the plaintiff to

show, in order to recover anything beyond the sum remaining in the defendant's hands, to wit, $153.90, notice to the defendant of the drawing of the order by Schuech, its amount, and that it was payable out of the moneys due or to grow due from the defendant to the contractor Schuech. The plaintiff on the second trial proved a notice to the defendant of the drawing of an order and the amount thereof, but failed to show that it was drawn upon any fund. The testimony of both Babcock and Miller tends to show that the defendant was not informed that the order was on any particular fund, but, on the contrary, they testify that the defendant was told that it was an order drawn by Schuech upon the defendant generally. The defendant could neither read English nor understand it when spoken. He understood that the paper presented to him was a promissory note, which they wished him to sign. Defendant testified, as a witness called by the plaintiff, that Babcock read it, (the paper,) and Miller translated it into German, but as he did not understand what Babcock said when reading the paper, and does not testify what Miller said when translating the paper, and as he testifies that he understood it to be a note for a thousand dollars which they wanted him to sign, the case was left without any evidence of notice to the defendant that the paper was an order upon the fund mentioned. If it was simply a general order to bind the defendant, it was necessary, to bind him, that he should accept it in writing. *Bull* v. *Tuttle*, 81 N. Y. 457; *Crouch* v. *Muller*, (Sup.) 14 N. Y. Supp. 21. The direction of the verdict for the sum of $173.95 only, being the amount unpaid upon the contract, was right, and the judgment appealed from should be affirmed. All concur.