WUERTZ v. BRAUN et al.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

1. HUSBAND AND WIFE—CONTRACTS—SIGNATURE—LIABILITY OF PARTIES.
    In an action against a married woman on a contract, the fact that contract was subscribed with the name of defendant's husband did not preclude plaintiff from showing that it was the contract of defendant, nor, if the contract was subscribed by her with her husband's name, relieve her from liability thereon.

2. EVIDENCE—PAROL TESTIMONY—IDENTIFICATION OF PARTY TO CONTRACT.

In an action on a written contract which was subscribed with the name of defendant's husband, parol evidence that the negotiations were with defendant, and that she signed her husband's name to the contract, and thereafter recognized it as her contract and in part performed it, was admissible to identify defendant as one of the parties to the contract.

3. APPEAL—APPEALABLE ORDERS.

An order vacating "on the papers" a warrant of seizure issued pursuant to Municipal Court Act, Laws 1902, p. 1532, c. 580, § 138, is not appealable.

4. COURTS—MUNICIPAL COURTS—WARRANT OF SEIZURE—PROCEDURE.

Under Municipal Court Act, Laws 1902, p. 1532, c. 580, § 138, declaring that in an action to foreclose a lien on a chattel, if plaintiff is not in possession, a warrant, commanding the marshal to seize the chattel and keep it to abide the judgment, may be issued in like manner as a warrant of attachment in an action founded on a contract, and that the provisions of law applicable to a warrant of attachment apply to a warrant so issued and to the proceedings to procure it, it is only necessary for the applicant for such a warrant of seizure to show by his moving papers that he is not in possession, and he need not show facts which would be required as the basis for an attachment.

Appeal from Municipal Court of New York.

Action by Otto W. Wuertz against Irma Braun and another. From a judgment for the defendant named, plaintiff appeals. Reversed and remanded.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

C. B. Plante, for appellant.

Sigmund S. Rotter, for respondent.

JENKS, J. This action is to foreclose a lien on a pianoforte. Irma Braun and Isidor Braun were named as the defendants, but only the former was served and appeared. The court refused to admit the contract offered by the plaintiff, and dismissed him at the close of his case. The contract is a printed form with blanks. The parties named therein are the plaintiff and "Mrs. Isidor Braun, party of the second part." In the only instance where a name was necessary, that of Mrs. Isidor Braun is inserted, and in other blanks the insertions are "she" and "her." The contract is subscribed "Isidor Braun." It is apparent that the court dismissed the plaintiff because he did not establish that the contract was that of the defendant, and that it excluded testimony offered to establish it as not admissible under the pleadings. The fact that the contract was subscribed "Isidor Braun" did not preclude the plaintiff from showing that it was the contract of Irma Braun. Irma Braun was Mrs. Isidor Braun, and, if she chose to subscribe a contract running to Mrs. Isidor Braun with the name Isidor Braun, she cannot avoid it simply upon that circumstance. In Brown v. Butchers' and Drovers' Bank, 6 Hill, 443, 41 Am. Dec. 755, Nelson, C. J., says that:

"A person may become bound by any mark or designation he thinks proper to adopt, provided it be used as a substitute for his name, and he intend to, bind himself."

See, too, Stellwagen v. Merchants' Life Ins. Co., 6 Hun, 654.

When the plaintiff rested, his evidence, either on the record or im-

properly stricken from it, showed or tended to show that all negotiations preliminary to the contract were with Irma Braun, that she was Mrs. Isidor Braun, that the contract was drawn up and offered to her for execution, that she subscribed it and delivered it to plaintiff, that she thereafter recognized as her contract, affirmed it, and in part performed it, and that in all things Isidor Braun was an utter stranger. I think that the plaintiff made out a prima facie case, and should not have been dismissed. The evidence was competent, though oral, to identify this defendant as the party of the second part of the contract. De Witt v. Walton, 9 N. Y., at page 573. The complaint in effect alleges that the woman defendant executed the contract, and the bill of particulars makes a specific charge thereof.

The appellant also seeks to review an order vacating "on the papers" a warrant of seizure issued in this action pursuant to section 138 of the Municipal Court act (Laws 1902, p. 1532, c. 580). I find no authority in the act and I am cited to none that permits such an appeal.

On the merits I fail to find any defect in the papers that justifies such vacation in this case. The theory of the learned counsel for the respondent is that the papers show none of the extrinsic facts as are enumerated in subdivision 2 of section 74 of the act as the basis for an attachment, and I conclude that such was the reason that moved the Municipal Court justice to vacation in this instance. Section 138 of the act reads:

"Warrant in Action for. In an action to foreclose a lien upon a chattel, if the plaintiff is not in possession of the chattel, a warrant, commanding the marshal to seize the chattel, and safely keep it to abide the judgment, may be issued in like manner as a warrant of attachment may be issued, in an action founded upon a contract, and the provisions of law applicable to a warrant of attachment, issued out of the court apply to a warrant issued as prescribed in this act, and to the proceedings to procure it, and after it has been issued, except as otherwise specified in the judgment."

I think that the ground for the issue of such a warrant is expressed in the section, namely, "if the plaintiff is not in possession of the chattel," and that this is sufficient to justify the issue of such warrant. The reference to attachment and the incorporation of the provisions of law applicable thereto is but to provide a definite procedure, and not to add a substantial provision additional to nonpossession as a prerequisite to the issuance of such a warrant. The statutory expression is satisfied by such construction, and the essential difference between the remedy of attachment and seizure makes against the construction insisted upon by the respondent. The right of attachment is a severe summary power conferred by statute, in derogation of the common law. It is to secure the "debt by preliminary levy upon property to conserve it for eventual execution." Penoyar v. Kelsey, 150 N. Y., at page 80, 44 N. E., at page 789, 34 L. R. A. 248. It makes an involuntary dispossession and is said to violate every principle of right. Id. Hence it is, generally speaking, based either upon the difficulty of service or some act that smacks of fraud or concealment. On the other hand, in a case like unto that at bar, the seizure is made of a chattel which by the contract of the parties belongs to the plaintiff until full payment therefor, and may be retaken by him upon default therein. Thus the plaintiff by such process

simply impounds the chattel to abide the judgment. While this conclusion may not lead to definite relief in this instance, it may be well that it should be stated.

The judgment of the Municipal Court is reversed, and a new trial ordered; costs to abide the event. All concur.