FARACI v. MALLER et al.

(Supreme Court, Appellate Division, Second Department.   December 30, 1912.)

CHATTEL MORTGAGES (§ 279*)—FORECLOSURE—ATTACHMENT OR SEQUESTRATION.
 Under Lien Law (Consol. Laws 1909, c. 33) § 207, providing that where
 an action to foreclose a chattel mortgage is brought in the Supreme Court,
 and plaintiff is not in possession of the chattel, a warrant may be grant-
 ed commanding the sheriff to seize the chattel and keep it to abide the
 final judgment, and also providing that the provisions of Code Civ. Proc.
 §§ 635–681, apply to such warrant and the proceedings to procure it, and
 after it has been issued, as if it was a warrant of attachment, except as
 otherwise expressly prescribed, the warrant cannot be issued unless one
 of the grounds for an attachment specified by section 636 exists;   the
 mere fact that the action is for the foreclosure of a chattel mortgage, and
 is brought in the Supreme Court, not justifying its issuance.

 [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 529;
Dec. Dig. § 279.*]

Appeal from Special Term, Kings County.

Action by Marion C. Faraci against Osias Maller and another.   From
an order vacating and setting aside a warrant of attachment, plaintiff
appeals.   Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOOD-
WARD, and RICH, JJ.

Nelson L. Keach, of New York City, for appellant.
Charles L. Cohn, of New York City, for respondent.

WOODWARD, J.   This action was brought to foreclose a chattel
mortgage given by Osias Maller to the Universal Cork Paper Company,
and by that company assigned to the plaintiff.   The complaint sets
forth a cause of action for foreclosure of this mortgage, and upon the
summons and complaint, and certain affidavits, a warrant was issued
to the sheriff to seize the chattel mentioned in the complaint and to
hold the same safely to abide the final judgment.   Section 207 of the
Lien Law provides that, where the action is brought in the Supreme
Court:

 "If the plaintiff is not in possession of the chattel, a warrant may be grant-
ed by the court, or a judge thereof, commanding the sheriff to seize the chat-
tel and safely keep it to abide the final judgment in the action."

It also provides that:

 The "provisions of title third of chapter seven of the Code of Civil Proce-
dure apply to such warrant, and to the proceedings to procure it, and after
it has been issued, as if it was a warrant of attachment, except as otherwise
expressly prescribed in this article."

We apprehend that the first part of the above section of the Lien
Law practically adds a new case in which a warrant of attachment may
be issued under the provisions of section 635 of the Code of Civil Pro-
cedure, and that sections 636 to and including 681 of the Code of Civil
Procedure are applicable to the procuring of the warrant of seizure
and to the subsequent disposition of the matter.   Construing section

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
 

636 of the Code of Civil Procedure, the court in Penoyar v. Kelsey, 150 N. Y. 77, 80, 44 N. E. 788, 789 (34 L. R. A. 248), say:

"Owing to the statutory origin and harsh nature of this remedy the section in question should be construed, in accordance with the general rule applicable to statutes in derogation of the common law, strictly in favor of those against whom it may be employed."

And so we are constrained to hold that in the present instance, the plaintiff having failed to show matters required by section 636 of the Code of Civil Procedure, he was not entitled to the warrant of seizure, and that the learned court at Special Term was fully justified in setting aside the warrant. The mere fact that the plaintiff had a chattel mortgage, and that he had brought his action in the Supreme Court for its foreclosure, after default, is not sufficient to give him a right to the harsh remedy of a warrant of seizure or attachment.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.