(80 Misc. Rep. 438.)

### PEOPLE ex rel. PAUL G. MEHLIN & SONS PIANO CO. v. LAUER, Justice of Municipal Court.

(Supreme Court, Special Term, New York County. April 22, 1913.)

1. COURTS (§ 189*)—MUNICIPAL COURT ACT—PROCEDURE—ATTACHMENT OR SEIZURE—APPLICATION FOR WARRANT.

Municipal Court Act (Laws 1902, c. 580) § 138, and the similar provision of Lien Law (Consol. Laws 1909, c. 33) § 207, providing that, in an. action to foreclose a lien on a chattel of which plaintiff is not in possession, a warrant of seizure may be issued the same as a warrant of attachment in an action founded on contract, and that the law applicable to a warrant of attachment applies to a warrant of seizure, do not make all of the requirements of Code Civ. Proc. § 635 et seq., regulating the granting of attachments in actions for breach of contract, applicable to a suit to seize and impound a chattel.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413,. 429, 458; Dec. Dig. § 189.*]

2. CHATTEL MORTGAGES (§ 279*)—FORECLOSURE—REQUISITES OF APPLICATION FOR WARRANT OF SEIZURE—UNDERTAKING.

Under the provisions of the Code making the requirements for the attachment of property in actions for breach of contract, that a written undertaking approved by the court running to the defendant must be given to the effect that, if defendant recovers judgment or the warrant of attachment is vacated, the plaintiff will pay costs and damages, applicable to warrants of seizure, an undertaking tendered in a suit referring to the warrant as a "warrant of foreclosure," instead of a warrant of seizure, and reciting that the plaintiff would pay all costs awarded to defendant and all damages sustained by reason of the foreclosure, without reciting an indemnity for damages suffered on the vacating of the warrant of seizure, was improper in form, so that the justice to whom it was presented was justified in refusing to approve it.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 529; Dec. Dig. § 279.*]

3. MANDAMUS (§ 34*)—JUDICIAL ACTS—MATTERS OF DISCRETION.

Mandamus only lies where there is a clear legal right thereto, and it is not its office to control judicial discretion or judgment; and where a justice of the Municipal Court refused to sign a warrant of seizure on the authority of the latest of conflicting decisions, he could not be held to have acted arbitrarily or unreasonably in refusing to sign the warrant of seizure, so that mandamus would lie to compel his signature.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 77; Dec. Dig. § 34.*]

Application by the People, on the relation of the Paul G. Mehlin & Sons Piano Company, for mandamus against Edgar J. Lauer, as Jus-

---

tice of the Municipal Court of the City of New York, to compel the signing of a writ of seizure.   Application denied.

Henry A. Heiser, of New York City, for relator.

A. R. Watson, Corp. Counsel, and P. J. Walsh, Asst. Corp. Counsel, both of New York City, for respondent.

PLATZEK, J.   [1]  This is an application for a writ of mandamus directed to a justice of the Municipal Court in the city of New York, requiring him to sign a warrant of seizure in an action to foreclose a lien on a chattel.   Section 138 of the Municipal Court Act (Laws 1902, c. 580) provides:

"In an action to foreclose a lien upon a chattel, if the plaintiff is not in possession of the chattel a warrant commanding the marshal to seize the chattel, and safely keep it to abide the judgment, may be issued in like manner, as a warrant of attachment may be issued, in an action founded upon a contract, and the provisions of law applicable to a warrant of attachment, issued out of the court apply to a warrant issued as prescribed in this act, and to the proceedings to procure it, and after it has been issued, except as otherwise specified in the judgment."

Section 207 of the Lien Law (Consol. Laws 1909, c. 33), a re-enactment of section 1738 of the Code, is substantially the same as section 138 of the Municipal Court Act.   Sections 635, 636, and the following sections of the Code of Civil Procedure, regulate the granting of attachment in actions for breach of contract.

The learned justice of the Municipal Court refused to sign the warrant of seizure in the case at bar upon the authority of Faraci v. Maller, 154 App. Div. 303, 138 N. Y. Supp. 961, which was an action in the Supreme Court to foreclose a mortgage on a chattel.   In the Faraci Case, construing section 207 of the Lien Law, Justice Woodward, writing for the court, said:

"The Lien Law practically adds a new case in which a warrant of attachment may be issued under the provisions of section 635 of the Code of Civil Procedure, and that section 636, to and including 681, of the Code of Civil Procedure are applicable to the procuring of the warrant of seizure and to the subsequent disposition of the matter.   *   *   *   And so we are constrained to hold in the present instance, the plaintiff having failed to show matters required by section 636 of the Code of Civil Procedure, he was not entitled to the warrant of seizure, and that the learned court at Special Term was fully justified in setting aside the warrant."

In Wuertz v. Braun, 113 App. Div. 459, 99 N. Y. Supp. 340, an action in the Municipal Court to foreclose a lien on a chattel under a contract whereby the title remained in the vendor until full payment, it was held that it was not necessary that all the extrinsic facts enumerated in subdivision 2 of section 74 of the Municipal Court Act in relation to an attachment need be shown to procure a warrant of seizure.   Mr. Justice Jenks wrote that:

"In a case like unto that at bar, the seizure is made of a chattel which by the contract of the parties belongs to the plaintiff until full payment therefor, and may be retaken by him upon default therein.   Thus the plaintiff by such process simply impounds the chattel to abide the judgment."

Blake v. Crowley, 44 Hun, 344, is a case where a warrant was issued in an action brought in the Supreme Court to foreclose a lien upon a

chattel, pursuant to section 1738 of the Code of Civil Procedure. Presiding Justice Barnard said:

"The provision in section 1738, that the proceedings to procure the writ and those after its procurement shall be similar to the provision in respect to attachment, was not intended to require the affidavit to state that the claim is above all counterclaim as in section 636 of the Code. This section only applies to attachments in actions to recover damages for a breach of contract. * * * Breach of contract has a definite meaning, and does not include the foreclosure of a chattel mortgage, even though there was a failure to pay according to promises made."

The precise question now under consideration is whether the plaintiff, in an application for a warrant of seizure, must show all of the matters and facts required by section 636 of the Code. This question has not been reviewed or decided by the Appellate Division in this department, or by the Court of Appeals. Apprised of these conflicting decisions, the justice of the Municipal Court followed the rule laid down in the latest, the Faraci Case, and having done so he cannot be held to have acted arbitrarily, unreasonably, or without due deliberation in refusing to sign the warrant of seizure. The court is unable to agree with the interpretation of the statute in the Faraci Case, that all of the requirements of the Code relating to the granting of attachments in actions for breach of contract are applicable to a suit to seize and impound a chattel, but is impelled to accept the construction of the statute in the earlier cases of Wuertz v. Braun and Blake v. Crowley, supra.

[2] The statute prescribes as a prerequisite to the granting of a warrant of seizure that a written undertaking running to the defendant, approved by the court, must be given, to the effect that if defendant recovers judgment in the action, or the warrant of attachment is vacated, the plaintiff will pay all costs which may be awarded to the defendant and all damages which he may sustain by reason of the vacating of the warrant. The undertaking tendered in this case refers to the warrant as "warrant of foreclosure," instead of "warrant of seizure." It also recites that "the plaintiff would pay to the defendant all costs that may be awarded to him and all damages that he may sustain by reason of the foreclosure." It fails to recite that the plaintiff will indemnify the defendant if damages are suffered from the vacating of the warrant of seizure. The undertaking being improper in form, the justice to whom it was presented was justified in refusing to approve it.

[3] Mandamus only lies where there is a clear legal right thereto, and it is not its office to control judicial discretion or judgment. The moving papers are defective in other respects, but it is unnecessary to consider such defects at this time.

It follows that this application must be and is denied.