(158 App. Div. 591.)

COIRO v. BARON et al.

(Supreme Court, Appellate Division, Second Department.   October 31, 1913.)

CHATTEL MORTGAGES (§ 279*)—SEIZURE OF GOODS—CONDITIONS PRECEDENT.
  Under Code Civ. Proc. § 1738 (Lien Law [Consol. Laws 1909, c. 33] §
  207), providing that, where an action is brought to enforce a lien on a
  chattel, and the plaintiff is out of possession, a warrant may be granted
  commanding the sheriff to seize the chattel, the provisions of sections 635–
  712 of the Code of Civil Procedure applying as if it was a warrant
  of attachment, the plaintiff may, where a chattel mortgage is in default,
  procure a writ of seizure without making such a showing as would au-
  thorize an attachment; the reference to that portion of the Code re-
  ferring to the procedure in attachment merely governing the practice.
    [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 529;
  Dec. Dig. § 279.*]

Appeal from Special Term, Kings County.

Action by Carmine Coiro against Moe Baron and the Inn Cor-
poration.   From an order denying the last-named defendant's mo-
tion to vacate a warrant of seizure, it appeals.   Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-
TON, and PUTNAM, JJ.

Henry M. Goldfogle, of New York City, for appellant.

Ralph K. Jacobs, of Brooklyn, for respondent.

PER CURIAM.   This proceeding to foreclose a chattel mortgage
after default alleged a demand for payment, and averred that the
mortgaged chattels were in the possession of the defendant, Baron.
The affidavit for the warrant of seizure did not attempt to state any
of the grounds for an attachment.   A warrant of seizure issued, recit-
ing the value of the chattels, and that a cause of action, as specified
in section 1737 of the Code of Civil Procedure, existed in favor of
the plaintiff, who had given the requisite undertaking.   After the
chattels had been taken under the warrant, a motion was made on
behalf of the Inn Corporation, defendant, to vacate, because the war-
rant and the papers on which it was granted did not set forth the
matters required by section 636 of the Code of Civil Procedure.   This
motion was denied.   Defendant has appealed from the order denying
its application to vacate the warrant of seizure, and cites Faraci v.
Maller, 154 App. Div. 303, 138 N. Y. Supp. 961.

The decision of Faraci v. Maller, supra, was made without the
court's attention having been called to the previous holding by this
court in Wuertz v. Braun, 113 App. Div. 459, 99 N. Y. Supp. 340,
that a warrant of seizure under Code Civ. Proc. § 1738, is justified,
if the plaintiff is out of possession, and that the legislative reference
to attachment is merely to provide a definite procedure, and did not
impose, in addition to nonpossession, a further condition before obtain-
ing the warrant of seizure.   Blake v. Crowley, 44 Hun, 344.   Sec-
tion 1738 of the Code is now re-enacted without change as section 207
of the Lien Law.   Laws of 1909, c. 38.   The course of legislation
to protect liens upon chattels (Laws of 1869, c. 738; Throop's Code

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Civ. Proc. § 1738, Ed. 1880, vol. 2, p. 112, note) manifests a clear intent to give the remedy of seizure to lienors so as to recover possession, and not to restrict the right to seize the chattels pledged or under a lien—a right vital to the lienor's security—to those grounds that are requisite for an attachment against the general property of the debtor. The case of Faraci v. Maller is therefore overruled, and that of Wuertz v. Braun is now followed, and reaffirmed.

The order refusing to vacate the seizure is therefore affirmed, but without costs.