JACOB N. GROSSMAN, Appellant, v. SIDONIE WEISS, Respondent.

Supreme Court, Appellate Term, First Department, April 8, 1927.

Sales — conditional sale — conditional vendor foreclosed lien on chattels in action in City Court of New York and took chattels under warrant of seizure — warrant of seizure is appropriate remedy only in Municipal Court of City of New York — warrant granted in City Court void and properly vacated — plaintiff may be regarded as having retaken property within provisions of Personal Property Law, § 76 — plaintiff required to follow procedure on resale as authorized in Personal Property Law, §§ 76–80-f — application to amend complaint so as to allege action in replevin, denied.

Plaintiff foreclosed on his lien on chattels in an action in the City Court of New York, predicated on a conditional bill of sale and took the chattels pursuant to a warrant of seizure issued out of that court. Since a warrant of seizure is appropriate only in the Municipal Court of the City of New York when it is sought to obtain possession of chattels upon default under a conditional sales contract (Municipal Court Code, § 71), it must necessarily follow that the warrant obtained in the City Court was void and properly vacated.

The plaintiff may be regarded as having peacefully retaken the property within the provisions of section 76 of the Personal Property Law, and, therefore, it was incumbent upon him to strictly follow the provisions of sections 76–80-f of that statute, but having failed to follow such procedure on resale, it is now too late for him to attempt to comply with the demands of section 79 of the Personal Property Law; consequently to allow him to amend his complaint so as to allege an action in replevin appears futile.

APPEAL by the plaintiff from an order of the City Court vacating a warrant of seizure, and appeal by the defendant from an order permitting the plaintiff to amend his complaint.

*Nathan Frank,* for the appellant.

*Abraham H. Sarasohn,* for the respondent.

LEVY, J. Upon this appeal it appears fitting to review two orders conjunctively, one vacating a warrant of seizure from which plaintiff appeals, and the other permitting the plaintiff to amend his complaint, from which defendant appeals.

The plaintiff sold certain chattels and fixtures to one Feinberg under a conditional bill of sale for the sum of $3,142.48, payable in installments. Later, defendant assumed Feinberg's liability and after the sum of $1,938 was paid on account defendant defaulted,

and plaintiff in May, 1925, began an action "for the foreclosure of this lien on the aforesaid chattels and fixtures in the sum of $1,204.48." The chattels were taken pursuant to a warrant of seizure, and after trial it was determined that the plaintiff was entitled to the sum demanded, that the chattels be sold and plaintiff have judgment for any deficiency that might arise. Upon appeal to this court the judgment was reversed on the ground that as the suit was based upon a conditional bill of sale, foreclosure was not the proper remedy. Pursuant to the judgment of foreclosure but prior to its reversal, the plaintiff sold the chattels at public auction. Subsequent to the reversal he secured permission to amend his complaint so as to allege an action in replevin. From this order, as we have already observed, defendant appeals.

The remedy of replevin constitutes the legal process contemplated by section 76 of the Personal Property Law (as added by Laws of 1922, chap. 642) and is thus available when the goods cannot be retaken without breach of the peace. But in the instant case, they were retaken by writ of seizure, which is appropriate only in the Municipal Court when it is sought to obtain possession of chattels upon default under a *conditional sales* contract (Mun. Court Code, § 71); foreclosure of a lien in that forum under such a contract being the sole authorized remedy. (*Mathushek & Sons Piano Co.* v. *Weld*, 94 Misc. 282.) As, however, such an anomalous procedure is evidently not permitted in the City Court, it follows that the writ of seizure obtained here was void and, therefore, properly vacated.

In taking possession of the property under the obviously void process, the officer may be said to have done so as the agent of plaintiff. (*Mendelson* v. *Irving*, 155 App. Div. 114.) If plaintiff had a right to retake the property peacefully, without any process whatever, the sheriff acting under the void writ of seizure could certainly be deemed to have functioned as the agent of the plaintiff in such peaceful retaking. As was said in the case just cited: "If one has the right to take possession of personal property without legal process, it is difficult to imagine upon what theory he could be deprived of that right, if he attempted to exercise it, by legal process which subsequently turned out to be void. In either case plaintiffs' position would be precisely the same." Plaintiff may, therefore, be regarded as having peacefully retaken the property within the provision of section 76 of the Personal Property Law. After such retaking it was incumbent upon him to follow strictly the provisions of sections 76 to 80-f (as added by Laws of 1922, chap. 642) of that statute. As the defendant had paid more than fifty per cent of the purchase price at the time of the retaking, it clearly

devolved upon the plaintiff to comply with the provisions of compulsory resale required by section 79, which could not be waived either by agreement of the parties or by invoking the wrong remedy of law. (*Nordone* v. *Austin Drainage Excavator Co.*, 184 App. Div. 309.)

The plaintiff, apparently, has failed to follow such procedure on resale; and even assuming, as he has indicated in his brief, that the property is still in his possession, it is entirely too late for him to now attempt to make compliance with the demands of section 79. It appears perfectly futile, therefore, to allow an amendment of the complaint in this direction, and the order below permitting it must be considered erroneous, appropriate disposition of which is made upon the companion appeal.

The order vacating the warrant of seizure is affirmed, with ten dollars costs and disbursements.

BIJUR, J., concurs; O'MALLEY, J., taking no part.