BARNETT MARCUS, Plaintiff, *v.* PHILIP SHERR and Another, Copartners Doing Business under the Firm Name of SHERR & SHERR, Defendants.

*City Court of New York, Bronx County, August —, 1928.*

Mortgages — chattel mortgages — action to foreclose in City Court of New York — plaintiff may have warrant of seizure issued, under Lien Law, §§ 206, 207, and Rules of Civ. Prac. rule 267.

In an action in the City Court of New York to foreclose a chattel mortgage, the court has power to issue a warrant of seizure, under sections 206 and 207 of the Lien Law and rule 267 of the Rules of Civil Practice.

MOTION for a warrant of seizure in an action to foreclose a chattel mortgage.

*Samuel Cherkos,* for the plaintiff.

*Isidore Faitt,* for the defendants.

EVANS, J. A chattel mortgage is a lien on personal property. This court is given jurisdiction to entertain actions to foreclose such liens, when the amount involved is $3,000 or less. (City Court Act, § 16, subd. 3.) May this court grant a warrant of seizure in an action to foreclose a chattel mortgage? A chattel mortgage lien may be foreclosed by action in a court of record. There can be no doubt of that. (*Coiro* v. *Baron,* 158 App. Div. 591.) And in an action to foreclose such a lien, a warrant of seizure may be issued by this court. (Lien Law, § 207; *Coiro* v. *Baron,* 158 App. Div. 591.) The plaintiff in such an action may have other remedies, perhaps, in place of a warrant of seizure, such as the appointment of a receiver over the chattel. (Rules Civ. Prac. rule 267.) *Grossman* v. *Weiss* (129 Misc. 234) does not hold that no warrant of seizure may issue out of this court in an action to foreclose a chattel. What was decided in that case was that, in an action to obtain possession of a chattel, under a *conditional sales contract,* foreclosure was not the proper remedy, but replevin, if peaceful retaking could not be accomplished. That in an action of replevin, in this court, the remedy of the warrant of seizure was unauthorized, because obviously the remedy of replevin is adequate, and none other was provided nor intended by the Legislature. (Pers. Prop. Law, § 76.)* When Mr. Justice

---

* Added by Laws of 1922, chap. 642.— [REP.

LEVY in the *Grossman* case spoke about the authority of the Municipal Court to issue a warrant of seizure in an action to obtain possession of a chattel, sold by conditional sales contract, and the lack of power of the City Court to do the same thing, he merely pointed out that the warrant of seizure was the only helping hand the Municipal Court could lend by statute (Mun. Court Code, § 71) to either an action to foreclose a chattel or one to become repossessed of a chattel, sold under a conditional sales contract. Whereas, in the Supreme Court, County Court or City Court the warrant of seizure or receiver is the proper remedy in an action to foreclose a chattel (Lien Law, §§ 206, 207; Rules Civ. Prac. rule 267), and the remedy of replevin is appropriate in an action to become repossessed of a chattel, under a conditional bill of sale.

The motion for the issuance of a writ of seizure will be granted, upon the presentation of the warrant with proper supporting papers, and a sufficient undertaking as provided by law.