SACHS QUALITY FURNITURE, INC., Plaintiff, *v.* SAM NADBORNE, Defendant.

Muncipal Court of City of New York, Borough of Manhattan, October 11, 1943.

*Herbert Shiff* for plaintiff.

*Samuel Wollan* for defendant.

WHALEN, J. Plaintiff moves for summary judgment. The action is for a deficiency judgment.

Defendant bought some furniture from plaintiff and signed a chattel mortgage dated January 22, 1940, as security for the payment of the purchase price. After default in payment, plaintiff brought an action to foreclose the lien of the mortgage and in that action a judgment foreclosing the lien was granted December 13, 1940. At the end thereof, the said judgment provided as follows: " And the summons having been personally served on the said defendant and the defendant being liable for the amount of said lien, I direct that if the proceeds of such sale be insufficient to satisfy said lien and the costs and expenses that the plaintiff have judgment against the defendant for such deficiency and that the defendant pay the same to plaintiff and that the plaintiff have execution therefor,"

From the papers on file it appears that an execution on this judgment was issued to a city marshal on August 22, 1942, and returned wholly unsatisfied September 9, 1942. Thereafter another execution was issued, dated October 13, 1942, and returned satisfied to the extent of $100, showing a balance of $331.75 unsatisfied.

By order to show cause, returnable May 10, 1943, defendant moved to vacate the marshal's sale and the deficiency judgment on the ground that the defendant had not received notice of the sale. This motion was granted by order dated May 12, 1943. It reads as follows: "Upon the foregoing papers this motion is granted by default. The deficiency judgment entered herein is hereby vacated and set aside."

Thereafter plaintiff served a new summons in this action for a deficiency judgment on June 7, 1943. This time defendant appeared and answered and claims that by reason of the illegal and unauthorized sale by the marshal, the plaintiff's claim has been satisfied in full. This is not the law. Section 74 of the New York City Municipal Court Code provides that in an action to foreclose a lien, if the defendant is personally served and if he is liable for the claim made, that judgment for a deficiency may be had against him. The section does not state whether the deficiency judgment may be entered in the same action or in a new action. It may be had in the same action after a motion, under subdivision (d) of rule XI of the New York City Municipal Court Rules, where the judgment so decrees, or where there is no provision for a deficiency judgment in the original judgment entered, that relief may be sought in a new action.

In the present case, the original judgment of foreclosure directs the entry of a deficiency judgment, but, as above stated, this clause was stricken out of the judgment on defendant's motion, so that the judgment in the first action now merely provides for the foreclosure of the lien and the sale of the mortgaged chattels to satisfy the amount of the lien. Not having complied with the statute, the plaintiff may not have a deficiency judgment for the difference between the amount of the lien and the proceeds of the sale, but the plaintiff will be chargeable with the fair and reasonable value of the chattels seized at the time of the seizure. The seizure was valid but the sale was invalid. In making the sale, therefore, the marshal acted as the agent of the plaintiff. The debt is not wiped out as a matter of law, but the defendant may plead and prove payment or partial payment to the extent of the value of the seized chattels. On this issue, the defendant will have the burden of proof. (*Harrison* v. *Hall,*

239 N. Y. 51; *Grossman* v. *Weiss*, 129 Misc. 234; *Mendelson* v. *Irving*, 155 App. Div. 114.)

Under the foregoing analysis, it is apparent that the case is not one for summary judgment  Theoretically the defendant may be able to prove that the plaintiff's claim has been satisfied in full, or it may be, in part.  That question may only be decided after a trial.  It follows, also, that the defendant's counter-motion for summary judgment must also be denied.