—and it is upon this letter that it is claimed a promise was made sufficient to take the case out of the statute:

"Owing to financial excitement here, I could not get away, but am liable to be over most any day between now and New Year,—the first day I can go. Notwithstanding that you have done some very foolish talking, entirely uncalled for, I will see that you will be at no loss in the Lyons transaction."

When this letter is read in connection with the other letters, it is perfectly clear that there was no intention on the part of the writer to acknowledge that he was legally obligated to pay this debt, nor was there any promise on his part to personally pay it. All that he said was that he would see that plaintiff was at no loss; that is, he would induce Lyons to pay. Each particular case, of course, must be determined by the facts presented, and, when such facts are presented, the real question always is, did the party intend to acknowledge that there was a demand against him, and that it was his intention to pay it? As I read this record, the defendant did neither. For that reason, I am unable to concur in the prevailing opinion.

I think the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

---

(63 App. Div. 252.)

### In re ALTHAUSE'S ESTATE.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

COLLATERAL INHERITANCE TAX—LEASEHOLD INTEREST.

　　A leasehold interest is personal property, within Tax Law (Laws 1896, c. 908) § 220, imposing a tax on the transfer by intestate succession of any property of the value of $500 or more, and section 221, exempting transfers to children, unless it is of "personal property of the value of $1,000 or more," section 2, subd. 4, declaring that the term "personal property" includes chattels, and a leasehold being a chattel, though subdivision 3 declares that the term "real estate" shall include the land itself, and all buildings erected thereon.

　　Ingraham and O'Brien, JJ., dissenting.

Appeal from surrogate's court, New York county.

In the matter of the transfer tax upon the estate of Sarah M. Althause, deceased. From an order of the surrogate's court, entered March 11, 1901, affirming an order of said court entered December 5, 1900, which confirmed the report of the appraiser under the collateral inheritance law, the administrator and next of kin of deceased appeal. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Lemuel Skidmore, for appellants.
Edward H. Fallows, for the comptroller.

LAUGHLIN, J. The decedent died intestate on the 6th day of March, 1900. Letters of administration were duly issued, and on the

22d day of October thereafter an appraiser was appointed to fix the fair market value at the time of the transfer of her estate, subject to the payment of any taxes imposed by article 10 of chapter 908 of the Laws of 1896, and the acts amendatory thereof and supplemental thereto. The report of the appraiser, which was filed on the 20th day of November, 1900, showed a net personal estate of $18,369.03, and that decedent left as her only heirs at law and next of kin five children. The first order of the surrogate confirming the report of the appraiser, and fixing the cash value of the interest of each of the next of kin, and assessing the tax thereon, was entered pro forma. The second order of confirmation was made after a hearing following notice of the entry of the first order. The appraiser included in the personal estate an item of $12,000 as the value of a leasehold interest in premises No. 66 West Forty-Ninth street, held by decedent at the time of her death. The lease was made by the trustees of Columbia College, and grants a term of 21 years from November 1, 1887, and provides that at the expiration of the term the lessor will either pay the value of any buildings erected on the premises, to be ascertained as therein provided, or, at the option of the lessee, grant a new lease for a further term of 21 years. There is also provision for a third renewal for the same length of time. The annual rent reserved was $747, and the lessee also covenanted to pay all taxes, ordinary and extraordinary. The appellants insist that this leasehold interest was not personal property, within the intent and meaning of section 221 of the tax law (chapter 908, Laws 1896), and therefore was exempt from the transfer tax. This is the only question presented for our determination.

At the time of the enactment of the transfer tax law, all property was taxable except that which was specially exempted. It is true that buildings erected by a tenant, provided they are reserved to him by the lease, may be assessed against him as land under the tax law. People v. Board of Assessors of City of Brooklyn, 93 N. Y. 308; People v. Barker, 153 N. Y. 98, 47 N. E. 46. The value of improvements made by a tenant is not necessarily or ordinarily the full value of the lease, and this line of authorities stops far short of holding that for all purposes of taxation a leasehold is real property. It is the building, and not the lease, or the value of the lease, that is taxed as land. It is urged that the purpose of the transfer tax law was to reach personal property that escapes taxation from year to year, and that it was not intended to extend to leasehold interests on which the buildings are taxed as real property. This may be conceded, but it was also the purpose of the legislature to impose a collateral inheritance tax upon lands with exemptions in certain cases. It was undoubtedly competent for the legislature to classify leasehold interests as personal property for the purposes of assessing the transfer tax. It remains to be seen whether the language of the statute indicates that such was the intent of the lawmakers. Prior to the enactment of the tax law (chapter 908, Laws 1896) the transfer tax law was a separate statute (chapter 399, Laws 1892), and was held not to be in pari materia with the general tax laws, and therefore not subject

to the exemptions contained therein. In re Knoedler's Estate, 140 N. Y. 378, 35 N. E. 601. The collateral inheritance statute was transferred bodily to article 10 of the tax law. Subdivision 3 of section 2 of the tax law, as amended by chapter 712 of the Laws of 1899, provides that "the terms 'land,' 'real estate,' and 'real property,' as used in this chapter, include the land itself above and under water, all buildings and other articles and structures," etc., erected on it. This is the language that was held to permit the assessment of the buildings reserved to a tenant as land in the cases cited. It is urged that it is exclusive, as well as inclusive, and characterizes the entire leasehold in question as real property, and brings it within the exemptions of section 221 of the act. Subdivision 4, § 2, art. 1, of the tax law declares that the term "personal estate," as used in that act, includes "chattels, money, things in action, debts due from solvent debtors, whether on account, note, contract, bond or mortgage; debts and obligations for the payment of money due or owing to persons residing within this state, however secured or wherever such securities shall be held; debts due by inhabitants of this state to persons not residing within the United States for the purchase of any real estate, public stocks, stocks in monied corporations, and such portion of the capital of incorporated companies, liable to taxation on their capital, as shall not be invested in real estate." Leases for years have a definite legal character as chattels. Although called "estates in land," they have none of its characteristics. Originally, the only remedy for ouster was an action for damages. They did not formerly, nor do they now, pass to the heir or personal representative. In the absence of statute, they may be transferred without any of the formalities required for the conveyance of realty. Bouv. Law Dict. (Rawle's Rev.); 2 Bl. Comm. pp. *142, *385; 3 Bl. Comm. p. *158; Code Civ. Proc. § 2712. Formerly the terms "lands, tenements, and hereditaments," which included freehold estates of inheritance, and not of inheritance, and "chattels," which included chattels real and chattels personal, were employed. Bouv. Law Dict. (Rawle's Rev.); 2 Bl. Comm. pp. 104, 120, 385. The term "real property" is now commonly employed in statutes instead of "lands, tenements, and hereditaments"; and the term "personal property" is now used to designate chattels, and every species of property which is not real estate. Sections 2–4, c. 677, Laws 1892 (being the statutory construction law); section 1, art. 1, c. 547, Laws 1896 (being the real property law). The tax law does not, in terms, designate leaseholds as real property, and this should not be read into the statute merely because buildings, reserved to a tenant, may be included within the statutory definition of real estate therein given. On the other hand, the legislature has, in subdivision 4 of the same section, which defines real property, used the word "chattels" in its generic sense as included in the term "personal property," and section 3 of the act declares that all property, real and personal, is taxable unless exempted. Section 220 of the tax law declares that a tax is "imposed upon the transfer" by intestate succession, among other ways, "of any property, real or personal, of the value of five hundred dollars or over," etc.; and it mat-

ters not whether the property itself was or was not taxable. Section 221 exempts transfers to children, among others, unless it is "personal property of the value of ten thousand dollars or more." It being expressly declared that personal property, as specified in the tax law, includes chattels, this leasehold, being a chattel and not specially exempted, is taxable.

The legislature was providing in this article for transfers, both by will and by intestacy. All personal property, including leaseholds, must pass through the medium of administration, and this lease passes to the children of decedent as the next of kin, and must first go into the hands of the administrator to meet the decedent's debts and obligations if any. Code Civ. Proc. § 2712. Real estate, on the other hand, passes directly to the heir or devisee. The collateral inheritance tax is not levied upon the real and personal property of the decedent's estate as such, but, with certain exceptions, upon each particular portion or share of such estate passing to each of his heirs, devisees, or next of kin. In the absence, therefore, of appropriate language indicating a different intent, it is reasonable to suppose that the legislature, in classifying property for the purpose of the transfer tax, intended no material departure from the statutes of descent and distribution. The proper construction in the application of this statute is to allow no exemption which does not come fairly within the letter of the express exceptions therein contained. In re Balleis' Estate, 144 N. Y. 132, 38 N. E. 1007; In re Prime, 136 N. Y. 347, 32 N. E. 1091, 18 L. R. A. 713. This, as has been seen, the leasehold in question does not do. Therefore the order appealed from should be affirmed, with costs to the respondent payable out of the estate.

VAN BRUNT, P. J., concurs. PATTERSON, J., concurs in result. INGRAHAM and O'BRIEN, JJ., dissent.