THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE HUDSON RIVER DAY LINE, Appellant, *v.* ADOLPH FRANCK et al., as Assessors of the Town of Stony Point, Respondents.

(Submitted June 1, 1931; decided July 15, 1931.)

*Horace B. Casey* for appellant. The dock is the property of the State of New York. (*People ex rel. Bear Mountain Hudson River Bridge Co.* v. *Dimond*, 126 Misc. Rep. 239; 222 App. Div. 756; *People ex rel. Van Nest* v. *Commissioners*, 80 N. Y. 573; *People ex rel. Muller* v. *Board*, 93 N. Y. 308; *People ex rel. International Nav. Co.* v. *Barker*, 153 N. Y. 98.) The appellant is not the lessee of the dock. (*Commissioners* v. *Lent*, 240 N. Y. 1; *Delaware-Hudson S. S. Co.* v. *Commissioners*, 222 App. Div. 535; *Woodruff* v. *Havemeyer*, 106 N. Y. 129; *Reeve* v. *Duryea*, 144 App. Div. 647; *Reynolds* v. *Van Buren*, 155 N. Y. 120; *Stockholm* v. *Borough Bill Posting Co.*, 144 App. Div. 642; *United Merchants' Realty & Imp. Co.* v. *N. Y. Hippodrome*, 133 App. Div. 582; 201 N. Y. 601.)

*E. W. Hofstatter* for respondents. Under the definition of " land," as used in the Tax Law, one person may be taxed as the owner of the fee and another as the owner of the structures thereon. (*People ex rel. R. S. & E. R. Co.* v. *Moroney*, 224 N. Y. 114; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Tax Commrs.*, 205 App. Div. 462; *People ex rel. Van Nest* v. *Commrs.*, 80 N. Y. 577; *People ex rel. Dunkirk & Fredonia R. R. Co.* v. *Assessors*, 46 N. Y. 49; *People ex rel. Muller* v. *Assessors*, 93 N. Y. 308;

*People ex rel. International Nav. Co.,* v. *Barker,* 153 N. Y. 98.) The dock is the property of the relator until the expiration of twenty years, when it reverts to the State, and was properly assessed. (*Delaware-Hudson S. S. Co.* v. *Commrs.,* 222 App. Div. 535.)

KELLOGG, J. The Tax Law (Cons. Laws, ch. 60, § 2) defines " land," " real estate " and " real property " to include " all buildings and other articles and structures," as well as " all wharves and piers " erected upon land above or under water. In cases involving tax assessments, therefore, it matters not that, at the common law, a building erected upon the lands of another, pursuant to an agreement with the landowner that at the end of a term the builder may remove it, is sometimes classed as personal property belonging to the builder. (*Smith & Britton* v. *Benson & Peck,* 1 Hill, 176.) The building is real estate assessable as such to the builder as its owner, while the land upon which it stands remains subject to assessment against the landowner. (*People ex rel. Abrams* v. *Commrs. of Taxes,* 52 N. Y. 659; *People ex rel. Van Nest* v. *Commrs. of Taxes,* 80 N. Y. 573.) However, such a case presents an exception, by force of the statute, to the ordinary rule, that, " when structures are erected by persons not owners of the land, they become part of the realty, and, as such, the property of the landowner." (*People ex rel. International Nav. Co.* v. *Barker,* 153 N. Y. 98.) To establish the exception, clear and explicit language must be employed, indicating with precision that the builder retains the right of removal and remains the owner. " It requires an agreement to be expressed in order to prevent the operation of this rule." (*People ex rel. International Nav. Co.* v. *Barker,* 153 N. Y. 98, 101.) The agreement between the relator and the Commissioners of Palisades Interstate Park of New York, pursuant to which the former erected at Bear Mountain a covered dock, built upon lands under water belonging to the State of New York contains no

provision reserving to the relator a right of removal or conferring upon it the ownership of the structure. It constitutes a mere license or franchise to the relator to erect the dock and to use it for a period of twenty years, for the purpose of landing steamers carrying passengers and baggage. True it provides that at the end of the twenty-year period the dock " shall revert to and become the property of the party of the first part " (the Commissioners). Sheds erected by a steamship company upon docks leased to it by a city pursuant to an agreement with the lessor, which provided that they shall " become the property " of the city upon the termination of the lease, are not removable by the lessee, nor are they real estate for which the lessee may be assessed as owner during the term of the lease. (*People ex rel. International Nav. Co.* v. *Barker, supra.*) Such language " does not warrant the inference of an intermediate ownership; unless we attach an undue significance to the word ' become. ' Such a meaning we do not think should be attached to that word." (Same case at p. 101.) Nor do we find any justification for the assessment of the property as a " leasehold interest " of lands owned by the State, within section 5 of the Tax Law. The agreement does not employ the words " lease " or " rent; " does not purport to give possession to the relator; does not exact a rental. It merely provides that the relator shall erect the dock, and shall have the right to use it, for limited purposes, during a stated period. We find that the relator does not own the property, has no leasehold interest therein, and is not assessable therefor.

The order of the Appellate Division and that of the Special Term should be reversed, and the assessment annulled, with costs in all courts.

CARDOZO, Ch. J., CRANE, O'BRIEN and HUBBS, JJ., concur; POUND and LEHMAN, JJ., dissent.

Orders reversed, etc.