FIRST TRUST & DEPOSIT COMPANY, Respondent, *v.* SYRDELCO, INC., and Others, Defendants, Impleaded with STEWART F. HANCOCK and LOUIS L. HURWITZ, Appellants.

Fourth Department, December 23, 1936.

*Hancock, Dorr, Kingsley & Shove* [*B. E. Shove* of counsel], for the appellants.

*Hiscock, Cowie, Bruce & Lee* [*H. Duane Bruce* of counsel; *Donald H. Yeomans* with him on the brief], for the respondent.

THOMPSON, J.    Plaintiff-respondent has been granted a deficiency judgment against the appealing defendants in the sum of $51,182.45, in an action to foreclose a mortgage upon a lease of real estate. The suit was brought in County Court and was instituted and conducted as if it had been an action to foreclose a mortgage on real property.    The complaint alleges and the proofs show a bond and mortgage executed by the defendants-appellants in the form of a bond and mortgage upon real estate.    The judgment of foreclosure and sale adjudicated that the lease should be sold and the proceeds applied on the mortgage indebtedness; that if there was not sufficient to pay the amounts due to the plaintiff, with the expenses of sale, costs, allowances, taxes, assessments, water rates and interest, the appealing defendants, among others, should pay the same to the plaintiff, and that plaintiff should have judgment and execution therefor.    The amount due, according to the report of the referee, on the date of the sale was $51,632.45, and the lease was sold for the sum of $450, that being the highest sum bidden therefor.    Upon the application of plaintiff for an order confirming the referee's report of sale, and for a deficiency judgment, defendants opposed the motion and asked that a hearing be granted them upon which they should have an opportunity to prove the fair and reasonable market value of the mortgaged leasehold as of the date such lease was bidden in at auction or such nearest earlier date as it had any market value; that the court should make a determination thereon and arrive at the amount of the deficiency judgment, or a conclusion that the plaintiff was not entitled to a deficiency judgment, based upon said proofs, pursuant to the provisions of section 1083-a of the Civil Practice Act.    This the court declined to do, holding that the action having been brought to foreclose a mortgage upon a leasehold, and the leasehold being personal property, section 1083-a did not apply.    On this appeal the defendants-appellants challenge the validity of this ruling, and further contend that if this court shall hold that the action is one to foreclose a mortgage upon personal property, the County Court was without jurisdiction, and that the judgment should, therefore, be vacated and the complaint dismissed.

While a lease is an interest in real property and is a chattel real, it is not real estate but personal property.    The term real estate has been defined in section 40 of the General Construction

Law, which reads as follows: " The term real property includes real estate, lands, tenements and hereditaments, corporeal and incorporeal." These words do not include a chattel real.' " A lease is a chattel real and is not real estate." (*People ex rel. Jay* v. *Bennett*, 14 Hun, 63, 69.) " Leases for years have a definite legal character as chattels." (*Matter of Althause*, 63 App. Div. 252; affd., 168 N. Y. 670; *Fifth Avenue Building Co.* v. *Kernochan*, 221 id. 370, 374, 375; *Matter of Ehrsam*, 37 App. Div. 272, 274.) It follows that the lease being personal property, the mortgage upon it is a personal property mortgage and the action is for the foreclosure of a mortgage on personal property. (*Lembeck & Betz Brewing Co.* v. *Sexton*, 184 N. Y. 185.)

Section 67 of the Civil Practice Act, which defines generally the jurisdiction of County Courts, provides in its first subdivision that the jurisdiction of the County Court extends to an action to foreclose a mortgage upon real property, " or to .foreclose a lien upon a chattel in a case specified in section two hundred and six of the Lien Law where the lien does not exceed three thousand dollars in amount and the chattel is found within the county." Section 206 of the Lien Law has been held to apply to the foreclosure of personal property mortgages after default. (*Blake* v. *Corbett*, 120 N. Y. 327; *Coiro* v. *Baron*, 158 App. Div. 591.) The statute thus excludes the County Court of jurisdiction of this action, it having been brought to foreclose a lien upon personal property exceeding $3,000 in amount, and not being an action to foreclose a mortgage on real property. In view of the disposition of the case we are about to make, we find it unnecessary to pass upon various other questions raised by both appellants and respondent.

The judgment should be reversed and the complaint dismissed, with costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.