■ In the Matter of GRUMMAN AIRCRAFT ENGINEERING CORPORATION, Respondent, against BOARD OF ASSESSORS OF THE TOWN OF RIVERHEAD, Appellants.— In a proceeding under article 13 of the Tax Law to review tax assessments, the appeal is from an order denying a motion to dismiss the petition for insufficiency, finding that the assessments are illegal, and directing appellants and all tax officials having jurisdiction thereof to strike the assessments from the assessment roll for the year 1955–1956. Title to the property was in the United States. Appellants based the assessment upon subdivision 17 of section 4 of the Tax Law which provides that where legal title to real property is in the United States, a tax assessment may be levied against the interest of an occupant or possessor thereof under an agreement whereby upon certain payment or payments legal title may be acquired by the occupant. The respondent was in possession under a lease containing an option to buy at a certain price in the event that the lessor, pursuant to other provisions of the lease, elected to terminate the lease and dispose of the property as surplus. The order appealed from is based upon the determination that the statute involved applies only to a holder of equitable title in possession of property. Order reversed, without costs, and motion granted. The statute applies to an occupant in possession under any agreement whereby he may, upon certain payments, acquire legal title. The leasehold interest, including the option to buy at a certain price and under certain conditions, is a taxable interest under the statute. Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur;. Wenzel, Acting P. J., dissents and votes to affirm with the following memorandum: Real property owned by the United States and in possession of a vendee under an executory contract of sale is taxable as real property (Tax Law, § 4, subd. 17; 68 N. Y. St. Dept. Rep. 425; *S. R. A., Inc.,* v. *Minnesota,* 327 U. S. 558). The

ownership by the United States would not bar local taxation of respondent's interest if the New York statutes made any provision for taxing such interest (U. S. Code, tit. 34, § 522e). *Inter alia,* the lease authorized the lessor to terminate the lease at any time during a declared national emergency or on 90 days' notice by the Secretary of the Navy whenever he determines that the interests of national defense so require. No title to the real property, legal or equitable, was in the respondent. It did not own the buildings nor did it have the right to remove them. The United States did not hold merely a naked legal title and a nominal interest (see, e.g., *United States* v. *Allegheny County,* 322 U. S. 174, 187). Such interest as the respondent had was not taxable as real property (*People ex rel. International Nav. Co.* v. *Barker,* 153 N. Y. 98; *People ex rel. Hudson Riv. Day Line* v. *Franck,* 257 N. Y. 69; 1949 Atty. Gen. 90; cf. *People ex rel. Muller* v. *Board of Assessors,* 93 N. Y. 308, and *Matter of Fort Hamilton Manor* v. *Boyland,* 133 N. Y. S. 2d 831, affd. 1 A D 2d 979; see, e.g., *Matter of Althause,* 63 App. Div. 252, affd. 168 N. Y. 670).