Van Voorhis, J.
In this appeal by our permission, we deal with the legality of a real estate tax assessment levied by the City of New York for the tax year 1953-1954 on premises designated on the tax map of the Borough of Brooklyn, *195 said city, as Lots 100 and 200, Section 18, Block 6123, said parcels being wholly located within the confines of the Fort Hamilton Military Reservation owned by the United States of America. The petitioners in the courts below, and now on this appeal, contend that the subject lands and improvements “ shall be exempt from taxation as being property of the United States Government ”.
According to the stipulation of facts, the United States of America (hereinafter Government) acquired title to the fee of the lands comprising Fort Hamilton by deeds and condemnation proceedings beginning in about 1824 and at various times thereafter; the Government, acting by the Secretary of the Army under authority of the Act of Congress of August 5, 1947 (Public Law 364, 80th Cong., 61 U. S. Stat. 774; U. S. Code, tit. 10, § 1270 et seq.) and the Act of Congress of August 8, 1949 (Public Law 211, 81st Cong., 63 U. S. Stat. 570; U. S. Code, tit. 12, § 1748 et seq.) let portions of Fort Hamilton involved herein to petitioners-appellants by written leases dated March 9 and June 6, 1950. Both leases are for terms of 75 years at a nominal annual rental of $3,000 and $4,825 respectively. The leases are identical except for necessary differences in dates, description of lands demised, specification of buildings and rentals reserved and were made on the condition that the lessees should pay “ all taxes, assessments and similar charges which, at any time during the term of this Lease, may be taxed, assessed or imposed upon the Government or upon the Lessee with respect to or upon the leased property ”.
The petitioners-appellants have complied with the terms and conditions of their respective leases, including the erection of the specified housing projects which they financed by mortgages issued by the Federal Housing Administration (National Housing Act, tit. VIII; U. S. Code, tit. 12, § 1748 et seq.). The housing accommodations so erected have now been rented to designated military and civilian personnel of the armed services and others at rentals fixed by the Federal Housing Administrator. The lease provides that title to improvements constructed upon the demised premises shall remain in the lessee during the term of the lease. If not removed by the end of the lease, such improvements become the property of the Government as part of the reversion.
*196 By a succession of enactments commencing in 1824, the Legislature of the State of New York ceded to the United States exclusive legislative jurisdiction of the area comprising the Fort Hamilton Military Reservation, subject only to the right of the State to execute civil and criminal process thereon and by the same acts of cession, has exonerated the United States from State and local taxation (L. 1824, ch. 334, as amd.; L. 1826, ch. 248, as amd.), which, so far as presently pertinent, may be found in the State Law (§ 24, subd. 7; § 25, subd. 28; §§ 50, 54).
We are satisfied that, in the setting of this case and insofar as the subject property is concerned, the Government has consented that the lessee’s interest in said parcels may be taxed under the laws of the State of New York. Congress expressly manifested such an intention when it authorized the Secretary of War “to lease such real or personal property under the control of his Department as * * * is not for the time required for public use ” and by expressly providing that “ The lessee’s interest, made or created pursuant to the provisions of this Act, shall be made subject to State or local taxation ” (Public Law 364, 80th Cong., 61 U. S. Stat. 774, 775; U. S. Code, tit. 10, §§ 1270, 1270d; italics supplied), all of which was brought within the Wherry Military Housing Act of 1949 (U. S. Code, tit. 12, § 1748 et seq.). The Senate Armed Services Committee, in recommending passage, pointed out that ‘ ‘ the interest a lessee holds under this act shall be subject to State or local taxes ” (Senate Report No. 626, 80th Cong., July 19, 1947).
It is the rule that in a given case “taxation by a state or municipality may overpass the usual limits if the consent of the United States has removed the barriers or lowered them ” (Baltimore Nat. Bank v. Tax Comm. of Maryland, 297 U. S. 209, 211-212). The United States Supreme Court has recently ruled in the case of another Federal military housing project that Congress has consented to taxation of the lessee’s interest (Offutt Housing Co. v. Sarpy County, 351 U. S. 253). That case involved a Wherry Military Housing project situated in the State of Nebraska. The controverted tax was levied on the improvements only, under the local personal property tax statute. As in New York State, the leasehold interest in *197 Nebraska is personal property called a chattel real, and, as has been said, it was reached by the Nebraska personal property tax. The land was not taxed. In United States (Borg-Warner) v. City of Detroit (355 U. S. 466), the United States Supreme Court went so far as to hold that the lessee could be taxed on the full value of the land, under a Michigan statute specially drawn to reach exempt real property under lease to private corporations for profit. That statute provided that such taxes shall not become a lien against the exempt real property in the hands of the Government. There is no New York State statute comparable to this Michigan act which formed the basis for the Supreme Court decision in the Borg-Warner case (355 U. S. 466, supra). Here only the general real property tax is involved, which, if fully applied as in the case of privately owned property, would operate as a lien against the Government’s interest in this real property. We are left with no State statute providing for the taxation of lessees’ interests under these circumstances to the full extent of the Federal Government’s waiver of its sovereign immunity. Under a long line of New York decisions, the interest of a tenant of realty under a real estate lease is not realty but is a chattel real which is personal property (People ex rel. Higgins v. McAdam, 84 N. Y. 287, 295; Despard v. Churchill, 53 N. Y. 192; Mayor v. Mabie, 13 N. Y. 151; Matter of Althause, 63 App. Div. 252, affd. 168 N. Y. 670; Matter of Ehrsam v. City of Utica, 37 App. Div. 272; State Trust Co. v. Casino Co., 19 App. Div. 344, 346). The most recent expression of this court upon the point is in Matter of Grumman Aircraft Eng. Corp. v. Board of Assessors (2 N Y 2d 500, 507), where it was said: “ It is significant to note that nowhere in the Tax Law has the Legislature characterized a leasehold as taxable real property. Such omission is understandable, as a lease for years is deemed personalty (Matter of Althause, 63 App. Div. 252, affd. without opinion 168 N. Y. 670; Fifth Ave. Bldg. Co. v. Kernochan, 221 N. Y. 370; First Trust & Deposit Co. v. Syrdelco, Inc., 249 App. Div. 285; Matter of Ehrsam v. City of Utica, 37 App. Div. 272; Restatement, Property, § 8; 1949 Atty. Gen. 90, 91). We do not read subdivision 17 of section 4 of the Tax Law as changing this basic concept.” Yet, although the interest of appellant in this housing project is thus personal property, there is no New York State tax against personal property. It was repealed by an *198 amendment to section 3 of the Tax Law in 1933 (L. 1933, ch. 470).
The New York State tax upon real property is the sole basis for this assessment. A tax on real property does not touch the leasehold interest of petitioner-appellant since that is personal property. If the fee were privately owned, the real property tax would attach to the combined interests of all parties interested in this land. That is impossible here inasmuch as this fee is vested in the Government. Only the lessee’s interest is permitted to be taxed by Federal law, even though under the Borg-Warner case (355 U. S. 466, supra) the value of the lessee’s interest may be measured by the value of the fee. Inasmuch as the lessee’s interest in the land is personal property, it escapes taxation in the absence of authorization to the city to levy taxes on personal property. The circumstance that our Legislature would be at liberty to tax this leasehold interest does not establish that it has done so. Consequently, so much of the assessment in question is invalid as attaches to the land where this housing development is situated. The land cannot be taxed since it belongs to the United States. The leasehold interest of appellant has not been taxed, since it is personal property and the New York State personal property tax has been repealed, and, unlike Michigan, we have no special tax against leaseholds of exempt real estate.
It is different, however, for a special reason, with respect to the buildings and improvements erected on this leased land. The Legislature may classify property for tax purposes in any reasonable manner which it chooses, and the statute imposing our real property tax is phrased so as to reach buildings and other structures even though constructed upon leased land where the fee is nontaxable (Tax Law, § 2, subd. 6; § 3; People ex rel. Hudson Riv. Day Line v. Franck, 257 N. Y. 69). The cited case holds that where land is nontaxable, being owned by the State, buildings thereon are assessable to the lessee if they are removable from the property under the terms of the lease.
Consequently the order appealed from should be reversed, the assessment which has been imposed annulled insofar as it is against the land, and this proceeding should be remanded to the Tax Commission of the City of New York to assess the buildings and improvements only.
*199 Chief Judge Conway and Judges Desmond, Dye, Fcjld and Froessel concur; Judge Burke taking no part.
In each proceeding: Order reversed, without costs, and
matter remitted to Special Term for further proceedings in accordance with the opinion herein.