■ In the Matter of MITCHEL MANOR No. 1 CORP. et al., Petitioners, against BOARD OF ASSESSORS, NASSAU COUNTY, Respondent.— Submission of a controversy upon an agreed statement of facts (Civ. Prac. Act, §§ 546–548)

Judgment directed in favor of petitioners, without costs, (1) declaring that the subject tax assessments are illegal, and (2) directing that said assessments be struck from the assessment rolls. Briefly stated, the facts submitted set forth in substance that in 1951 the Federal Government, owner of the fee of Mitchel Air Force Base, Nassau County, leased portions thereof to petitioners for 75 years at nominal rentals for the erection of housing thereon for military and civilian personnel, commonly known as Wherry Housing Projects. The useful life of the buildings is substantially less than the terms of said leases, which provide, *inter alia*, that the structures erected by petitioners are the property of the United States. Petitioners have no option or first privilege to acquire title to said land or buildings. In 1957 the buildings and improvements were for the first time assessed to the petitioners in the net aggregate amount of $2,048,360. Petitioners challenge the legality of said assessment. Concededly, a State and its political subdivisions are, by act of Congress (see " Savings Provisions" following U. S. Code, tit. 42, § 1594), authorized to tax a lessee's interest in a Wherry Housing Project. It is also agreed that, if petitioners possess nothing more than a leasehold interest in the buildings and improvements, the assessments are improper because this State does not have a tax on personal property. It is respondent's contention that petitioners' leasehold interests in the buildings should be viewed as total ownership for real property tax purposes because the terms of the leases extend from the erection of the buildings to a date beyond their useful life. A lessee's interest constitutes personal property, called a chattel real (*Matter of Fort Hamilton Manor* v. *Boyland,* 4 N Y 2d 192, 196–197). Where land is nontaxable, buildings thereon, if they are removable from the property under the terms of the lease, are assessable to the lessee (*Matter of Fort Hamilton Manor* v. *Boyland, supra,* p. 198). Where, as here, there is no such right of removal in the lessee, he has no interest that can be taxed as real property (*People ex rel. Hudson Riv. Day Line* v. *Franck,* 257 N. Y. 69, 71; *People ex rel. International Nav. Co.* v. *Barker,* 153 N. Y. 98). The case cited by respondent (*Offutt Housing Co.* v. *County of Sarpy,* 351 U. S. 253), which originated in Nebraska, is not to the contrary, for in that State personal property is taxable, and the Wherry Housing Project was assessed as such. While the court denominated the Federal Government's title as " only a paper title", it was there concerned with ownership only insofar as it was necessary to determine the value of the lessee's interest for assessment under a valid State tax on personal property. We do not reach that question here because all that petitioners have, by virtue of their leases, is personal property, for which there is no tax in this State (*Matter of Fort Hamilton Manor* v. *Boyland, supra*; *Matter of Grumman Aircraft Eng. Corp.* v. *Board of Assessors of Town of Riverhead,* 2 N Y 2d 500, cert. denied 355 U. S. 814). Present — Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ.