Samuel M. Cold, J.
This is an article 78 (Civ. Prac. Act) proceeding by petitioner, the National Cold Storage Co., Inc., to compel the Tax Commission of the City of New York to correct its records for the tax year 1960-61 so as to indicate that certain buildings, six in number, which have been assessed as taxable to petitioner, are not assessable or taxable as property of the petitioner. The parties have entered into a “ Stipulation of Facts” and the question presented for determination is solely one of law.
Three of the six buildings were leased by New York Dock Company on January 10, 1914, to Sir William Vestey, and the other three were leased to him on February 5, 1915. Petitioner acquired the lessee’s rights by valid assignments and is now the occupant of the buildings. The January 10, 1914, lease was for a 21-year period, expiring April 29, 1935, with the right to the tenant to renew, on certain notice, for four additional periods of 10 years each but not beyond May 1, 1975. The buildings are referred to on the first page of the lease as ‘ ‘ now the property of the landlord ”. Paragraph 5 provides that when the tenant shall have expended $175,000 in making certain alterations and improvements, the buildings, but not the land, “ shall thereupon become the absolute property of the tenant The lease does *206 not, however, contain any express provision entitling the tenant, on or after the expiration of said sum, to remove the buildings from the premises, except that paragraph 6 authorizes the tenant, during the term of the lease or of any renewal thereof, to demolish any of the buildings, provided that the tenant will replace any demolished building with a new fireproof building costing not less than $100,000. In the event that the tenant replaces the buildings with the new ones, pursuant to said provision, it becomes entitled to have the lease extended to 99 years from January 1, 1914, upon the same terms and conditions as would be in force at the expiration of the first 21-year term. In the event that the tenant should erect new buildings and be entitled to said extension, the buildings “ so erected ” shall be the property of the tenant, and the landlord at the end of the 99 years is entitled, at its sole option, either to permit the tenant to remove the buildings or to purchase them at a price to be determined according to a procedure set forth in the lease. Paragraph 7 provides that if the tenant has not erected any new buildings in place of the old ones, “ upon the termination of this lease, all improvements that he has placed on the property * * * shall belong to the landlord ”.
It is clear from the provisions of the lease, read together, that the tenant, regardless of whether or not it has expended the $175,000 in improvements, is to have no right to remove any of the improved buildings from the land during the term of the lease or any renewal thereof, or at its expiration, unless the tenant replaces the removed building or buildings, at its own expense, with a new one or new ones of a specified cost. It follows that the provision entitling the tenant, on expending $175,000 in improvements, to absolute ownership of the property, does not, in legal contemplation, mean what it says. All that the tenant acquires is the right to use (and mortgage) the buildings for the limited period of its lease or any 10-year renewals, subject, however, to the obligation not to remove the buildings unless the tenant replaces them with new ones of a specified character and cost. It is only the neiv buildings which the tenant may remove, and then only at the end of the 99-year extension, if the landlord does not elect to purchase them. That the old buildings, as improved by the tenant, were not to belong to the tenant at the expiration of the lease or of any 10-year renewals, is clear, not only from the fact that the only provision authorizing their removal is conditioned upon the tenant’s erection of new buildings, but also from the express provision that tenant’s improvements shall belong to the landlord at said expiration *207 date, unless tlie tenant shall have erected new buildings in the place of the old.
Ordinarily, structures erected by persons not owners of the land become part of the realty and, as such, the property of the land owner (People ex rel. International Nav. Co. v. Barker, 153 N. Y. 98, 101). To establish an exception to the ordinary rule, 1 ‘ clear and explicit language must be employed, indicating with precision that the builder retains the right of removal and remains the owner (People ex rel. Hudson Riv. Day Line v. Franck, 257 N. Y. 69, 71). In People ex rel. International Nav. Co. v. Barker (supra) the lease provided that a shed erected by the tenant on the landlord’s land was to 11 become ” the latter’s property at the expiration of the lease. The Court of Appeals held that, notwithstanding that provision, the sheds became the property of the landlord immediately upon their erection. The court went further, however. It said (p. 101): “ It is not legally conceivable that the relator could be an owner until the termination of the lease and that then a new ownership could spring up in the city; for ‘ ownership necessarily implies perpetuity, or at least the possibility of perpetuity ’ ” (italics supplied).
In order to come within the exception to the rule that buildings belong to the landlord, the person claimed to be a building owner must possess the right to remove the building or to obtain payment for it from the land owner. A mere right to use the building for the limited period of a lease or renewals thereof does not constitute ownership in a legal sense. In Matter of Mitchel Manor No. 1 Corp. v. Board of Assessors, Nassau County (10 A D 2d 854) the court said (p. 855): “ Where land is nontaxable, buildings thereon, if they are removable from the property under the terms of the lease, are assessable to the lessee * * *. Where, as here, there is no such right of removal for the lessee, he has no interest that can be taxed as real property ’ ’.
The New York cases relied upon by respondents are clearly distinguishable. In Matter of Fort Hamilton Manor v. Boyland (4 N Y 2d 192) the lease provided that title to improvements was to remain in the lessee during the term of the lease, and pass to the landowner only if not removed by the lessee at the end of the lease. The lessee thus had the right to remove the structures. In People ex rel. Van Nest v. Commissioners of Taxes & Assessments (80 N. Y. 573) the lease gave the lessee the right to a removal unless the landlord elected to purchase the building. If the landlord permitted renewal, the lessee had the right to remove the structure at the end of the renewal period. In People ex rel. Hudson Riv. Day Line v. Franck *208 (supra) the holding was that the absence of a right of removal prevented the lessee from being taxed as owner of the structure. In People ex rel. Muller v. Board of Assessors (93 N. Y. 308) the lessees had a perpetual right to possession, unless the lessor chose to avail itself of a provision permitting it to purchase the buildings erected by the relators at their assessed value. The court held that the lessees owned the buildings, subject to an executory contract of sale enforcible at the landlord’s option. In the instant case, the petitioner did not possess a perpetual right to possession of the buildings, but only a limited right for the period of the lease and any 10-year renewals. Girard Ins. Co. v. Taylor (6 A D 2d 359) is not in point. It is worth noting, however, that the court declared (p. 362) that respondent had every material incident of ownership, viz., complete and exclusive possession, right to demolish or remove, and right to give good title.
In People ex rel. Bear Mt. Hudson Riv. Bridge Co. v. Diamond (126 Misc. 239, affd. 222 App. Div. 756) the court held that the bridge erected by the relator was not taxable to it, since it had no right to remove it. The court quoted the language used in People ex rel. International Nav. Co. v. Barker (supra) to the effect that ownership implies perpetuity, or at least the possibility of perpetuity.
The lease relating to the other three buildings involved in this proceeding is substantially identical with the lease herein discussed insofar as it relates to the issue as to whether the lessee is taxable as the owner of said buildings.
The court accordingly holds that petitioner is not, in legal contemplation, the owner of the six buildings in its possession, as lessee, and that it is entitled to an order directing respondents to correct their records as prayed for. Application granted.