Jones, J. (dissenting).
I would reverse the judgment of the *434 Appellate Division in each case and annul the determination of the City Finance Administration imposing the New York City commercial rent and occupancy tax on petitioners national banks for the period prior to January 1, 1973.
In 1969 the Congress amended section 5219 of the Revised Statutes of the United States (US Code, tit 12, § 548) specifically to authorize State taxation of national banks in prescribed ways. Broad authorization was granted on a permanent basis beginning in 1972 (later deferred to 1973); interim provisions were prescribed with respect to the transitional period prior to 1973. We are here concerned only with such interim provisions.
I read section 3 (subd [a], par [2]) of the amendatory Federal statute (US Public Law No. 91-156), authorizing State taxation in the period prior to January 1, 1973 in the event of "affirmative action of the State legislature”, as requiring a conscious and manifested determination on the part of the State legislature to subject national banks to the imposition of the permitted State taxes. The record of the deliberations of the Senate Committee on Banking and Currency supports this conclusion: "The committee realizes that for many years the tax structure within the States has been drawn in recognition of the different positions of State and National banks with respect to liability for State taxes. In effect, the States have adopted many different formulas in an attempt to equalize the total tax burden between State and National banks. If by congressional action banks were automatically subject to taxes which they had not been previously paying, in addition to the taxes which they are now paying, the effect may be to destroy the degree of equality that the State legislature, by conscious effort, attempted to achieve. Accordingly, the committee believes it wise to require positive State legislative action as a prerequisite to the imposition on banks of the additional taxes authorized by the bill.” (Sen Rep 91-530, 91st Cong, 1st Sess 6 [1969]; 1969 US Code, Congressional and Administrative News, vol 2, 1594, 1598-1599; emphasis supplied.) (See, also, the final conference report of the managers on the part of the House of Representatives: HR Rep No. 91-728, 91st Cong, 1st Sess 5 [1969]; 1969 US Code, Congressional and Administrative News, vol 2, pp 1602-1603.)
The enactment of chapter 166 of the Laws of 1970 by our State Legislature constituted no such "affirmative action”. It served only to increase the rates of the pre-existing tax. *435 Nothing in the record before us reveals that the City of New York, the sole beneficiary of the increased rates, in seeking the amendment or the State Legislature in enacting it had extension of the tax to national banks even remotely in mind. The Governor’s message of necessity on which enactment of chapter 166 was predicated makes no reference to taxation of national banks. Notwithstanding particularized postargument requests to the city therefor, no statement of estimated revenue to be realized from the amendment or other document submitted by the city in support of the enactment of chapter 166 has been furnished in which any reference is made to estimated income to be derived from taxes to be paid by national banks or to any other aspect of taxation of national banks. No shred of contemporaneous proof suggests that either the city administration or the State Legislature was even aware that section 5219 had been amended or that thereby the Congress had granted authority for expanded State taxation of national banks.
In such circumstances I cannot conclude that legislative action, taken wholly without reference to the Federal statute, constitutes the "affirmative action” contemplated by the Congress when it authorized additional State taxation of national banks. Nor can I conclude that the enactment of the 1970 increase in rates may be so construed as to support the city’s alternative contention that the "saving provision” of the Federal statute had no application inasmuch as the taxes in question were not imposed under the authority of pre-existing State legislation but rather were imposed under the authority of the 1970 amendment only.
I must also disagree with respect to the second ground proffered by the majority to sustain imposition of the New York City commercial rent and occupancy tax on petitioners, viz., application of subdivision (b) of section 3 of Public Law No. 91-156. The decision in Ampco Printing-Advertisers’ Offset Corp. v City of New York (14 NY2d 11, app dsmd 379 US 5), heavily relied on, is by no means conclusive that in the present context the commercial rent tax is a tax on tangible personal property. What was necessarily decided by the court in Ampco, which dealt with the validity of the commercial rent and occupancy tax under our State Constitution, was that the tax there was not a prohibited ad valorem tax on intangible personal property. Even if that case be read, however, as characterizing the tax for State constitutional purposes as a *436 tax on tangible personal property—which was not necessarily there determined—such a description could not and should not be binding for present purposes or classification within the contemplation of Congressional statutes. Nothing suggests that the opinion in Ampco was written with a Federal statute like Public Law No. 91-156 in mind. There was not then posed or considered the question now before this court—how the commercial rent and occupancy tax is to be regarded for purposes of Federal, not New York, law authorizing local taxation of national banks. Similarly Matter of Fort Hamilton Manor v Boyland (4 NY2d 192) and Matter of Grumman Aircraft Eng. Corp. v Board of Assessors of Town of Riverhead (2 NY2d 500, cert den 355 US 814) arose in a totally distinguishable context. Finally, even the City of New York itself has never asserted that authorization for the present tax is to be found in subdivision (b).
Chief Judge Breitel and Judges Gabrielli and Cooke concur with Judge Fuchsberg; Judge Jones dissents and votes to reverse in a separate opinion in which Judges Jasen and Wachtler concur.
In each case: Judgment affirmed, with costs.