In the Matter of D. P. C. RECONSTRUCTION FINANCE CORPORA-
TION, by NL INDUSTRIES, INC., Appellant, v ASSESSOR OF
THE TOWN OF JOHNSBURG et al., Respondents.

Third Department, March 3, 1988

**APPEARANCES OF COUNSEL**

*Sive, Paget & Riesel, P. C. (Karen E. Gross* of counsel), for
appellant.

*Edward S. Stewart* for respondent.

**OPINION OF THE COURT**

CASEY, J.

At issue on this appeal is whether real property owned by

the United States, which is leased to petitioner, a private corporation, and used for commercial purposes, is exempt from real property taxation pursuant to RPTL 400 (1). We hold that such property is exempt and, therefore, reverse Supreme Court's order.

The subject property is a segment of a 33-mile right-of-way between petitioner's mine at Sanford Lake and the Town of North Creek in Warren County, which was acquired by the Defense Plant Corporation and leased to petitioner in 1942 to help the war effort. Petitioner has retained possession of the right-of-way through a series of leases, with the current lessor being the General Services Administration, as successor to the Defense Plant Corporation. It is conceded that the United States is the actual owner of the property.

RPTL 400 (1) provides: "Real property owned by the United States shall be exempt from taxation, except as otherwise provided by the laws of the United States." Supreme Court's abbreviated decision provides no rationale for its conclusion that the property is not exempt under RPTL 400 (1), but respondents offer several arguments for affirmance. Respondents contend that the property is not exempt since it is being used by a private corporation for commercial purposes, and they point out that, since petitioner would be paying the tax pursuant to the terms of its lease, the purpose of the statutory exemption would not be violated. Thus, respondents argue, the exemption should be narrowly construed to permit taxation in these circumstances.

We reject this argument. RPTL 400 (1) is not so much an exemption in the ordinary sense as it is a recognition that the property is not taxable by virtue of the overriding immunity of the United States as owner *(see, Matter of Grumman Aircraft Eng'g Corp. v Board of Assessors,* 2 NY2d 500, 510, *cert denied* 355 US 814). Moreover, the statute on its face applies to property owned by the United States and contains no language which could rationally be construed as creating an exception where the property is leased to a private corporation and used for commercial purposes.

Respondents cite a number of United States Supreme Court cases which have permitted the imposition of State taxes on a private lessee's interest in property owned by the United States *(see, e.g., United States v County of Fresno,* 429 US 452), but those cases involved State statutory schemes which imposed taxes on a leasehold. In New York, however, "[a] lease-

hold has long been regarded * * * as a 'chattel real' and as such is personal property" *(Ampco Printing-Advertisers' Offset Corp. v City of New York,* 14 NY2d 11, 20, *appeal dismissed* 379 US 5). Personalty is not taxable under RPTL 300 *(see, Matter of Werb v De Garmo,* 62 NY2d 636, 638).

Despite the common-law classifications of property as realty or personalty, "[t]he Legislature has the power to classify property as real property or not for purposes of taxation provided there is a reasonable basis for the classification" *(Matter of Metromedia, Inc. v Tax Commn.,* 60 NY2d 85, 90; *see, Matter of Niagara Mohawk Power Corp. v Cutler,* 109 AD2d 403, 405, *affd* 67 NY2d 812). An examination of the definition of real property contained in RPTL 102 (12) establishes that the Legislature has not chosen to include a leasehold within the meaning of real property for the purposes of taxation.

Also significant is RPTL 402 (1) which provides: "Whenever the legal title of real property is in the United States * * * but the use, occupation or possession thereof is in a person, partnership, association or corporation under a contract of sale or other agreement whereby a right to acquire the premises through an option, a first privilege or a first refusal is granted, or whereby upon one or more payments the legal title thereto is to be or may be acquired by such person, partnership, association or corporation, his or its interest in such real property shall be assessed and taxed as real property". The absence of a leasehold from the list of interests in real property which are taxable despite legal title to the property being in the United States convinces us that petitioner's interest herein is not taxable *(see, Matter of Grumman Aircraft Eng'g Corp. v Board of Assessors, supra,* at 507-510).

Respondents also contend that the United States has consented to the taxation of its real property. RPTL 400 (1), however, makes the property exempt from taxation "except as otherwise provided by the laws of the United States", and respondents rely upon a provision in petitioner's lease, not any law of the United States. In any event, the relevant provisions of the lease merely require petitioner to pay any lawfully imposed local real property taxes; it does not authorize the imposition of such taxes.

In closing, we note that despite title being in the United States, improvements placed on the land by a lessee and belonging to the lessee can, in certain circumstances be taxed

to the lessee *(see, Matter of Fort Hamilton Manor v Boyland,* 4 NY2d 192, 198); in this case, however, the railroad tracks, as well as the right-of-way, belong to the United States. Supreme Court's order should be reversed and the petition granted.

MAHONEY, P. J., KANE, WEISS and LEVINE, JJ., concur.

Order reversed, on the law, with costs, and petition granted.